KENNETH LEVATINO
v.
MICHELLE LEVATINO.
No. 2007 CU 1238.
Court of Appeals of Louisiana, First Circuit.
November 2, 2007.
NOT DESIGNATED FOR PUBLICATION.
DANA A. BOLTON Counsel for Plaintiff/Appellant.
BRIAN J. PRENDERGAST COUNSEL for Defendant/Appellee.
Before: WHIPPLE, GUIDRY, and HUGHES, JJ.
HUGHES, J.
A father appeals a family court custody judgment designating the mother as the domiciliary parent of the minor children and awarding him less than equal physical custody. He further challenges the provision of the judgment dismissing his rule for contempt. For the following reasons, we affirm.

FACTUAL AND PROCEDURAL HISTORY
Kenneth and Michelle Levatino[1] were married in March 1992. They subsequently had two children: a son, Nathan, born in 2000; and a daughter, Leanna, born in 2002. Kenneth was a long-time employee of the Baton Rouge Fire Department. Michelle was employed by SRA International, Inc. (SRA) as a "telecommuting" software engineer. Accordingly, Michelle performed her job duties from home; although on occasion she was required to travel.
In 2005, Michelle began traveling more frequently as a result of her job. Specifically, she was working on a project for SRA that required her to make repeated trips to New York.[2] The need for this extraordinary travel ceased in April 2006, when she received a promotion.
Unbeknownst to Michelle, on March 29, 2006, Kenneth filed a petition for divorce. Therein, he prayed that he be awarded custody of Nathan and Leanna. Michelle was served with the petition on April 6, 2006. On April 24, 2006 Michelle filed an answer and reconventional demand requesting that she be awarded custody, and that she further be allowed to relocate with the children to New York in order to accept yet another promotion. Days later, however, Michelle filed a supplemental and amended answer and reconventional demand stating her intention to remain in her current employment position. Consequently, she averred that she would continue working from her home in Baton Rouge and would remain domiciled in Louisiana.
On May 2, 2006, the parties entered into a stipulation, which was subsequently reduced to writing and signed by the trial court on June 12, 2006. Pending trial, Kenneth and Michelle were awarded joint custody of Nathan and Leanna with the parties alternating physical custody of the children on a week-to-week basis. The stipulated judgment also provided that Kenneth and Michelle were to pay monthly community obligations pursuant to the budget they prepared in August 2005, and that the children's nanny was to resume their home school curriculum on May 3, 2006 and continue it until May 25, 2006.
Prior to trial, Kenneth filed a rule for contempt alleging that Michelle had violated the stipulated judgment by refusing to pay a mortgage note and by interfering with the children's home schooling and visitation plan. Michelle also filed a rule for contempt similarly asserting that Kenneth had failed to pay certain bills and had failed to maintain the children's home school curriculum.
A trial to determine the custody issue was ultimately conducted on August 2, 4, and 28, 2006. The family court rendered judgment awarding the parties joint custody of the children and designating Michelle as the domiciliary parent with Kenneth enjoying visitation with Nathan and Leanna every other weekend, commencing with their dismissal from school on Thursday and ending when they resumed school on Monday morning. The court further ordered that the parties split the summer vacation with each party having physical custody of the children for alternating two-week periods. The family court also dismissed each party's rule for contempt.
On August 31, 2006, the family court issued supplemental written reasons for judgment emphasizing that its judgment was predicated on Michelle's assurances that she intended to reside in Baton Rouge and that her work-related travel would be nominal. A final written judgment memorializing the family court's custody decision and dismissing the parties' respective rules for contempt was signed on November 30, 2006. From this judgment, Kenneth appeals.

DISCUSSION

I. Custody
As a preliminary matter, we note that in brief to this court, Kenneth makes several allegations of fact regarding events and proceedings that either were not presented to the family court at trial or occurred after the family court had rendered its judgment. As such, they form no part of the record before us and cannot be considered. Our review is limited strictly to the record as it existed at the time the underlying judgment was rendered. See Collins v. Mike's Trucking Co., Inc., XXXX-XXXX, p. 15 (La.App. 1 Cir. 5/5/06), 934 So.2d 827, 836, writ denied, XXXX-XXXX (La. 12/8/06), 943 So.2d 1094. Accordingly, we will address only those arguments urged by Kenneth that pertain to matters within the appellate record. We turn now to address the merits of the appeal.
Kenneth contends that the trial court erred in designating Michelle as the domiciliary parent and in awarding him less than equal physical custody of the children. Louisiana Civil Code article 134 lists twelve non-exclusive factors that a trial court may utilize in determining the best interests of the child. When the family court in the instant matter considered these factors, it found that the parties were equal in many respects. However, based upon the testimony presented at trial, it concluded that Michelle: was better able to supervise the education of the children; was better able to provide for their material needs; was more likely to facilitate a close relationship between the children and the other party; and historically had been the children's primary caregiver. In disputing each of these conclusions, Kenneth essentially argues that the family court erred in crediting Michelle's testimony.
When reviewing a child custody judgment, it is imperative that each case be viewed in light of its own particular set of facts and circumstances. Major v. Major, 2002-2131, p. 4 (La.App. 1 Cir. 2/14/03), 849 So.2d 547, 550. The paramount consideration in any determination of child custody is the best interest of the child. LSA-C.C. art. 131. The court trying the matter is in the foremost position to ascertain the best interest of the child given each unique set of circumstances. Accordingly, the trial court's determination regarding custody is entitled to great weight and will not be reversed on appeal unless an abuse of discretion is clearly shown. Major, 2002-2131 at p. 4, 849 So.2d at 550.
Moreover, appellate review of the factual circumstances and evidence will not be the basis for reversal of the trial court's judgment even if the Court of Appeals is convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Rosell v. ESCO, 549 So.2d 840, 844 (La. 1989). If the factual findings are found to be reasonable and supported by the record, the trial court's determinations must be given much weight, especially in regard to the credibility of witness testimony, for only the fact-finder can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding and belief in what is said. Rosell, 549 So.2d at 844; Stephens v. Stephens, XXXX-XXXX, p. 3 (La.App. 1 Cir. 6/21/02), 822 So.2d 770, 774. Accordingly, we cannot say the family court erred in finding Michelle's testimony to be credible and concluding that it was in the best interests of the children that they reside primarily with her. As a result, LSA-R.S. 9:335B directed the family court to designate Michelle as the children's domiciliary parent. Clearly, the trial court did not abuse its discretion in so doing.
Nor do we find that the family court abused its discretion in awarding Kenneth less than equal physical custody. Pursuant to LSA-R.S. 9:335A(2)(b), physical custody of the children is to be shared equally by the parents, to the extent it is feasible and in the best interests of the children. However, in the instant matter, the family court expressly found that awarding the parties equal physical custody of the children would not be in their best interests. In particular, the family court noted Nathan's need for a more structured environment so that his educational and speech deficiencies could be rectified. The family court further stressed the problems created by Kenneth's continuing anger and refusal to communicate with Michelle regarding even school matters. Because the record amply supports the family court's conclusions, we are compelled to affirm the custody award.

II. Contempt
Finally, Kenneth argues that the family court erred in dismissing his rule for contempt. He maintains that the court was manifestly erroneous in determining that he had failed to satisfy his burden of proof with respect to his claims that Michelle had willfully violated the terms of the stipulated judgment.
Louisiana Code of Civil Procedure art. 224 defines a constructive contempt as "any contempt other than a direct one," and sets forth a number of acts that constitute a constructive contempt, including the following: "wilful disobedience of any lawful judgment, order, mandate, writ, or process of the court." LSA-C.C.P. art. 224(2). A trial court is afforded a great deal of discretion in determining whether a party should be held in constructive contempt. However, a finding that a person willfully disobeyed a court order in violation of LSA-C.C.P. art. 224(2) must be based on a finding that the accused violated an order of the court intentionally, knowingly, and purposefully, without justifiable excuse. Lang v. Asten, Inc., XXXX-XXXX, p. 1 (La. 1/13/06), 918 So.2d 453, 454 (per curiam). While a trial court's ultimate decision to hold a party in contempt of court is subject to review under the abuse of discretion standard, its predicate factual determinations are reviewed under the manifest error standard. Rogers v. Dickens, XXXX-XXXX, p. 7 (La.App. 1 Cir. 2/9/07), 959 So.2d 940, 945.
In his rule, Kenneth specifically alleged that Michelle had violated the stipulation by failing to pay the May 2006 mortgage note. On the second day of the trial, Kenneth attempted to offer testimony to substantiate his claim. However, the family court prohibited Kenneth from addressing the issue at that time, in light of the fact that he had failed to attach to his rule the mandatory arrearage form required under the local rules. Rule 5, §2 (E) of the Local Rules of The Family Court of East Baton Rouge Parish, provides:
Motions filed seeking aaearages and/or contempt for failure to pay alimony and/or child support shall be accompanied by a schedule of arrearages in the form attached to and made part of this rule. Failure to comply with this rule may result in sanctions provided by law.
When this failure was brought to her attention, Kenneth's attorney indicated that she would "amend" and "submit the arrearage form."
Our review of the record indicates that no amended rule for contempt was ever filed; however, on August 11, 2006, Kenneth did file an unaccompanied arrearage form, which, incidentally, detailed several other bills in addition to the May 2006 mortgage bill pled in his rule.
In its oral reasons for judgment, the family court cited Kenneth's failure to attach the arrearage form to his rule and concluded that he had failed to satisfy his burden of proof. Albeit a technicality, it is clear that Kenneth failed to comply with the express requirements of the local rule. Accordingly, we cannot say that the trial court's determination that Kenneth failed to satisfy his burden of proof as to this claim was clearly wrong.[3]
Similarly, we cannot say that the family court was manifestly erroneous in determining that Kenneth had failed to establish Michelle's willful violation of the stipulated judgment provision regarding home schooling. In his rule, Kenneth specifically alleged that "Michelle ... intentionally interfered with the home schooling by not allowing the nanny... to home school the minor children" on May 3, 2006. However, the record does not substantiate his claim.
Days before the parties entered into the stipulation, Michelle had already informed the nanny that her services would not be needed on May 3, because she would be taking care of the children herself. Nowhere in the judgment does it provide that only the nanny is permitted to home school the children. Indeed, Michelle had chosen the curriculum, originally taught it, and subsequently supervised its administration. However, of far greater significance is the fact that Michelle indisputably abandoned her prearranged plans and did allow the nanny to home school the children that day. Accordingly, we find no abuse of discretion by the family court in dismissing Kenneth's constructive contempt claims.

CONCLUSION
For all of the foregoing reasons, the family court judgment is hereby affirmed. Further, the motion to supplement the record filed by Mr. Levatino is also denied. All costs of this appeal are assessed to Kenneth Levatino.
AFFIRMED.
NOTES
[1] The caption and the body of the original petition incorrectly identified the parties' last name as "Levantino." The record clearly establishes that the proper spelling is "Levatino." We further note that Michelle's legal name is "Joannie Michelle Levatino."
[2] As result of this increased travel and the accompanying hotel costs incurred, SRA permitted Michelle to lease a temporary corporate apartment in New York at its expense. While Michelle was working on this project, the children, along with Kenneth or their nanny, would often travel to New York and stay for weeks at a time.
[3] Even if his subsequent filing could be construed as compliance, we would nonetheless find that the record provides a reasonable basis for the family court's conclusion that Kenneth failed to establish that Michelle had intentionally, knowingly, and purposefully violated the court's order. Initially, we note that that the parties' stipulation was orally entered into the record on May 2, 2006 and that Kenneth filed his rule for contempt on May 25, 2006. However, the stipulated judgment was not reduced to writing or signed until June 12, 2006. Therefore, it was only after this point in time that the parties unequivocally possessed certain and tangible evidence of its terms.

Moreover, a review of the May 2, 2006 transcript of the parties' stipulation, which was read into the record by Kenneth's attorney, reveals that the pertinent provision was not without ambiguity. It states:
The parties will maintain the financial status quo that they have been doing, they have prepared a budget in August 2005, each party will maintain those bills until we come to trial of the matter. Ms. [Levatino] knows the bills she is paying and Mr. [Levatino] knows what's he is paying.
At trial, the parties offered conflicting testimony regarding their interpretation of this provision and what the budget prepared in August 2005 entailed. Considering the relevant testimony and the family court's authority to assess credibility, the record herein provides reasonable support for the factual finding that Kenneth failed to bear his burden of proof, notwithstanding his failure to comply with the local rule.