995 So.2d 643 (2008)
Alisha Michelle Cannon HENRY
v.
Barry Oneal HENRY.
No. 2008 CU 0689.
Court of Appeal of Louisiana, First Circuit.
September 23, 2008.
*644 Alisha Michelle Cannon Henry, Franklin, Louisiana, for Plaintiff/Appellant, In Proper Person.
Robert L. Duffy, Allen A. McElroy, Jr., Berwick, Louisiana, for Defendant/Appellee, Barry Oneal Henry.
*645 Before KUHN, GUIDRY, and GAIDRY, JJ.
GAIDRY, J.
This appeal is from a trial court judgment denying a mother's request for a change in custody. For the following reasons, we affirm.

FACTS AND PROCEDURAL HISTORY
Barry and Alisha Henry were divorced on February 8, 2007. Pursuant to a consent judgment dated September 6, 2006, they were awarded joint custody of their minor son, Elijah. The Joint Custody Implementation Plan named Barry and Alisha co-domiciliary parents, with physical custody of Elijah alternating every fourteen days to coincide with Barry's work schedule, and provided that Elijah would attend school at Holy Cross Elementary in Morgan City.
On July 31, 2007, Alisha filed a motion for change of custody and child support, seeking to be named Elijah's domiciliary parent and have him reside in her home. Alisha, who had moved from Morgan City to Franklin since the consent judgment and was pregnant with another child, alleged that there had been a material change in circumstances in that Barry's work schedule varied, and as a result, she had physical custody of Elijah more than fifty percent of the time. Thus, Alisha alleged that it would be in Elijah's best interests to live with her in Franklin.
A conference was held with a hearing officer, who recommended that Alisha's motion to change custody be denied. Alisha filed an objection to the hearing officer's recommendation, and requested that the trial court hold a hearing on her motion. After a November 9, 2007 hearing, the trial court denied Alisha's request because it did not find that the change in custody would be in Elijah's best interests. It is from this judgment that Alisha appeals.

DISCUSSION
Each child custody case must be viewed in light of its own particular set of facts and circumstances. Major v. Major, 02-2131 (La.App. 1 Cir. 2/14/03), 849 So.2d 547, 550. The best interests of the child is always the paramount consideration in determining child custody. Evans v. Lungrin, 97-0541, 97-0577 p. 12 (La.2/6/98), 708 So.2d 731, 738; La. C.C. art. 131. Thus, the trial court is in the best position to ascertain the best interests of the child given the unique set of circumstances. Accordingly, a trial court's determination of custody is entitled to great weight and will not be reversed on appeal unless an abuse of discretion is clearly shown. Major, 849 So.2d at 550.
A trial court's determination of a child's best interests is usually based heavily on factual findings. It is well settled that an appellate court cannot set aside a trial court's factual findings in the absence of manifest error or unless the findings are clearly wrong. Rosell v. ESCO, 549 So.2d 840, 844 (La.1989). If the trial court's findings are reasonable in light of the record reviewed in its entirety, an appellate court may not reverse those findings even though convinced it would have weighed the evidence differently had it been the trier of fact. Id. In order to reverse a fact finder's determination of fact, an appellate court must review the record in its entirety and (1) find that a reasonable factual basis does not exist for the finding, and (2) further determine that the record clearly establishes that the fact finder is clearly wrong or manifestly erroneous. Stobart v. State, DOTD, 617 So.2d 880, 882 (La.1993).
*646 Because the original judgment establishing custody was not a considered decree, but a consent judgment, the party seeking modification of the consent judgment must prove that there has been a material change in circumstances since the consent judgment was entered and that the proposed change is in the best interests of the child. Elliot v. Elliot, 05-0181 p. 9, (La.App. 1 Cir. 5/11/05), 916 So.2d 221, 227.
At the November 9, 2007 hearing, Alisha testified that she moved from Morgan City to Franklin because she felt harassed by Barry. She said that in the past year, Barry had often called her from offshore to tell her that he was not coming home on the date he was scheduled to and to ask her to keep Elijah a few more days, which she always agreed to do. She testified that she did not feel it was in Elijah's best interests to attend school at Holy Cross in Morgan City anymore because if there were an emergency and Barry was offshore, she would be thirty minutes away at work in Franklin. She testified that Barry did not have any family nearby who could help in such a situation. Alisha testified that she was due to deliver another baby in December 2007, and it would be difficult for her to transport Elijah back and forth from Franklin to Morgan City for school. She also testified that she would probably move even further from Morgan City to Jeanerette once she married the father of her new baby.
Barry testified that although his work schedule had varied some in the past, it was because of the specific job he was working on, which had since ended, and he was now starting work on a two-year-long job where his schedule would be regular again. Barry testified that when his schedule changed, he always contacted Alisha and offered to have a family member keep Elijah for him, but that Alisha always wanted to keep Elijah the extra days and he consented. He further testified that Alisha had occasionally asked him for a few extra days with Elijah when she had something planned, and he had complied with those requests as well, because he did not know that she was going to attempt to use those extra days against him. He testified that he did have family members available nearby to help with Elijah if needed. Barry explained that he was opposed to the change in custody because he felt that Elijah had already experienced enough change in his life, and he did not believe it was in his best interests to uproot him again. Elijah had attended Holy Cross for three years and had friends there and was doing well in that environment, and Barry did not want Elijah to change schools.
After hearing all the evidence, the trial court found that Elijah and Barry have a close and loving relationship, Barry personally cares for him during his fourteen day rotation, Elijah is well accepted and established at Holy Cross, and Barry does have family support for Elijah if needed. The trial court found that with the added obligation of a newborn, having Elijah at school in Morgan City might make Alisha's fourteen day rotation more burdensome, and a future move to Jeanerette would make it even more so. However, the trial court concluded that Elijah's best interests would be served by maintaining the current custodial arrangement and denied Alisha's motion for change in custody.
After reviewing the evidence in the record, we hold that the trial court's findings are reasonable and amply supported by the evidence in the record, and we cannot say that the trial court abused its discretion in finding that the proposed change was not in Elijah's best interests.

*647 DECREE
The November 15, 2007 judgment denying Alisha's motion for change of custody and child support is affirmed. Costs of this appeal are assessed to Alisha Henry.
AFFIRMED.