NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 08-381


KATHERINE SLAYDON

VERSUS

JASON L. SLAYDON


\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2002-1694
HONORABLE GUY ERNEST BRADBERRY, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*


BILLY HOWARD EZELL
JUDGE

\*\*\*\*\*\*\*\*\*\*


Court composed of Oswald A. Decuir, Michael G. Sullivan, and Billy Howard Ezell, Judges.

**AFFIRMED IN PART, AS AMENDED, AND REVERSED IN PART.**

**William Mitchell Redd**
**Liles & Redd**
**P.O. Box 3717**
**Lake Charles, LA 70602-3717**
**(337) 433-8529**
**Counsel for Plaintiff/Appellant:**
**Katherine Slaydon**

**Jason L. Slaydon**
**In Proper Person**
**1428 Grantham Road**
**DeRidder, LA 70634**
**(337) 532-7185**

**EZELL, JUDGE.**

This matter involves a long and contentious child custody and support case. Katherine Slaydon appeals rulings of the trial court she finds to be in favor of her ex-husband, Jason Slaydon. For the following reasons, we affirm the decision of the trial court in part, as amended, and reverse in part.

The Slaydons were married in March, 1999 and divorced in August, 2002. Two children were born of the couple: Alexander, born in 1997, and Morgan, born after the divorce was granted, in 2003. Joint custody was awarded with Ms. Slaydon being named domiciliary parent. The divorce was bitter, and the proceedings have continued in that vein through the present appeal. The matter presently before the court arose when Mr. Slaydon filed a rule to modify custody and an objection to Ms. Slaydon's proposed relocation to North Carolina. Ms. Slaydon answered with a contempt motion for alleged child support arrears. The trial court ruled that Ms. Slaydon relocating to North Carolina was not in the children's best interest, granted Mr. Slaydon's opposition to relocation, and gave Ms. Slaydon ninety days to relocate from Jefferson Davis Parish to Calcasieu Parish. The trial court further found that Mr. Slaydon was $7,990.16 in arrears for child support. The trial court determined that joint custody should be maintained and set a visitation schedule granting Mr. Slaydon the majority of the children's vacation time. From the foregoing rulings, Ms. Slaydon appeals.

Ms. Slaydon asserts three assignments of error on appeal: that the trial court erred in granting the objection to relocation and ordering Ms. Slaydon to establish a residence in Calcasieu Parish, that the trial court erred in finding that the total arrearage of child support was only $7,990.16, and that the trial court erred in awarding "extraordinary and unreasonable" visitation to Mr. Slaydon.

1

Ms. Slaydon failed to address in her brief her assertion that the trial court erred in granting the objection to relocation to North Carolina. In fact, she claims that the ruling regarding relocation should be modified to deny the request only and that the mandate that she move from Jefferson Davis Parish to Calcasieu Parish be removed from the order. Therefore, the claim that the trial court committed error in granting the objection is considered abandoned. Uniform Rules-Court of Appeal, Rule 2-12.4. We do agree with her, however, that the trial court exceeded its authority when it ordered her to move.

The relocation of children is governed by the provisions of La.R.S. 9:355.1 through 9:355.17. Louisiana Revised Statutes 9:355.1(4) defines relocation as:

> (a) Intent to establish legal residence with the child at any location outside of the state.

> (b) If there is no court order awarding custody, an intent to establish legal residence with the child at any location within the state that is at a distance of more than one hundred fifty miles from the other parent. If there is a court order awarding custody, then an intent to establish legal residence with the child at a distance of more than one hundred fifty miles from the domicile of the primary custodian at the time the custody decree was rendered.

> (c) A change in the principal residence of a child for a period of sixty days or more, but does not include a temporary absence from the principal residence.

Relocation statutes (La.R.S. 9:355.1-9:355.17) do not apply unless the custodial parent proposes to establish legal residence at a distance of greater than one hundred fifty miles from the non-custodial parent. *Major v. Major*, 02-2131 (La.App. 1 Cir. 2/14/03), 849 So.2d 547. Moreover, nothing in the relocation statutes grants the trial court the ability to order the custodial parent to relocate to another parish within the area defined by La.R.S. 9:355.1. Mr. Slaydon's pleadings assert that Ms. Slaydon is a resident of Jefferson Davis Parish. Neither Mr. nor Ms. Slaydon reside in Calcasieu Parish; likewise neither of the children have ever resided in Calcasieu

2

Parish. To order Ms. Slaydon and the children to move there constitutes error by the trial court. That order is hereby reversed.

Ms. Slaydon next claims that the trial court erred in finding that the total arrearage owed to her by Mr. Slaydon was only $7,990.16. We disagree. A court of appeal may not set aside a trial court's finding of fact in the absence of "manifest error" or unless it is "clearly wrong." *Stobart v. State through Dept. of Transp. and Dev.*, 617 So.2d 880, 882 (La.1993). The trial court found that the total child support owed by Mr. Slaydon through the date of trial was $45,230.11. Mr. Slaydon presented receipts for $37,239.95. While Ms. Slaydon claimed that Mr. Slaydon forged her signature on receipts totaling $9,200.00, it is obvious that the trial court failed to believe this claim. Ms. Slaydon failed to call any handwriting expert to attest to her allegations, and the signatures in dispute closely resemble the lettering found in Ms. Slaydon's signature present in documents throughout the record. We can find no error in the trial court's finding.

Finally, Ms. Slaydon claims that the trial court erred in granting Mr. Slaydon unreasonably extensive visitation in that he is to receive the children for the vast majority of their time off from school, both in the summer and during the holidays. Every child custody case must be viewed within its own peculiar set of facts, and a trial court's award of custody is entitled to great weight and will not be overturned on appeal unless an abuse of discretion is clearly shown. *Connelly v. Connelly*, 94-527 (La.App. 1 Cir. 10/7/94), 644 So.2d 789. "The trial judge is in a better position to evaluate the best interest of a child from his observance of the parties and the witnesses and his decision will not be disturbed on review absent a clear showing of abuse." *State in the Interest of Sylvester*, 525 So.2d 604, 608 (La.App. 3 Cir. 1988). It is clear that the trial court ruled as it did in an effort to award as close to

3

equal time to the parties as possible. Even so, Ms. Slaydon still has more time with the children than does Mr. Slaydon. While we agree that the award of visitation granted in favor of Mr. Slaydon is unusual, it does not rise to an abuse of discretion and may not be overturned. However, in light of our above finding regarding Ms. Slaydon's relocation to Calcasieu Parish, we hereby amend the visitation plan to reflect that the summer and holiday visitation schedule should follow the school schedule for Jefferson Davis Parish rather than Calcasieu Parish.

For the above reasons, we reverse the decree of the trial court ordering Ms. Slaydon to relocate to Calcasieu Parish. We amended the visitation plan to reflect that the summer and holiday visitation schedule should follow the school schedule for Jefferson Davis Parish rather than Calcasieu Parish. We affirm the remainder of the decision. Costs of this appeal are assessed against Ms. Slaydon.

**AFFIRMED IN PART, AS AMENDED, AND REVERSED IN PART.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3 Uniform Rules, Court of Appeals.