GAIDRY, J.
 

 lain this custody case, the biological father of the minor child appeals a judgment denying his request to change custody and dismissing his motion to traverse the pauper status of the child’s mother. We affirm.
 

 FACTS AND PROCEDURAL HISTORY
 

 Thomas Eric Perry and Tracey Renee Futch Monistere are the parents of one child, Treasure Ann Monistere, born April 15, 2006. At the time of Treasure’s birth, Tracey was married to another man who was presumed to be Treasure’s father. At some point, Thomas suspected that he was in fact Treasure’s father, and on July 13, 2006, Thomas filed a motion to establish paternity. He also sought custody of Treasure.
 

 On December 15, 2006, after a hearing, the court rendered judgment awarding joint custody of Treasure to Thomas and
 
 *852
 
 Tracey, setting a visitation schedule, and making Tracey the domiciliary parent.
 

 On March 7, 2007, Thomas filed a petition seeking a change of custody, requesting either sole custody of Treasure, or in the alternative, that he be named the domiciliary parent. A consent judgment was rendered on April 19, 2007 modifying the visitation schedule but maintaining the December 15, 2006 custody judgment in all other regards.
 

 On July 3, 2007, Thomas filed a motion for contempt. In this motion, he again requested a change in custody. Thomas stated that due to a change in his employment, it was now in Treasure’s best interests for him to have “domiciliary custody,” with reasonable visitation with Tracey.
 

 On October 7, 2007, Thomas also filed a motion to traverse Tracey’s pauper status in accordance with La. C.C.P. art. 5184, alleging that she did in fact possess the means to pay costs in advance or as they accrue.
 

 j,A hearing was held on the custody change, Tracey’s pauper status, and a variety of other matters on October 9, 2007. The court held that the
 
 Bergeron
 
 standard applied to the issue of custody and that Thomas had failed to satisfy the
 
 Bergeron
 
 requirements for a change in custody. The court also dismissed his motion to traverse Tracey’s pauper status. Judgment on these issues was rendered on November 6, 2007. Thomas filed a motion for new trial, which was also denied by judgment dated March 21, 2008. This appeal by Thomas followed, in which he raised the following assignments of error:
 

 1. The court erred in applying the
 
 Ber-geron
 
 standard to Mr. Perry’s request for change of custody.
 

 2. The court erred in failing to find that there had been a material change in circumstances that justified a change in custody and that such a change was in the child’s best interests.
 

 3.The court erred in dismissing Mr. Peiry’s motion to traverse Ms. Mon-istere’s pauper status.
 

 DISCUSSION
 

 Each child custody case must be viewed in light of its own particular set of facts and circumstances.
 
 Major v. Major,
 
 2002-2131 (La.App. 1 Cir. 2/14/03), 849 So.2d 547, 550;
 
 Gill v. Dufrene,
 
 97-0777 (La.App. 1 Cir. 12/29/97), 706 So.2d 518, 521. The paramount consideration in any determination of child custody is the best interest of the child.
 
 Evans v. Lungrin,
 
 97-0541, 97-0577 (La.2/6/98), 708 So.2d 731, 738; La. C.C. art. 131. Thus, the trial court is in the best position to ascertain the best interests of the child given each unique set of circumstances. Accordingly, a trial court’s determination of custody is entitled to great weight and will not be reversed on appeal unless an abuse of discretion is clearly shown.
 
 Major,
 
 849 So.2d at 550.
 

 |4The trial court’s determinations in this case were based heavily on factual findings. It is well settled that an appellate court cannot set aside a trial court’s findings of fact in the absence of manifest error or unless those findings are clearly wrong.
 
 Rosell v. ESCO,
 
 549 So.2d 840, 844 (La.1989). If the court’s factual findings are reasonable in light of the record reviewed in its entirety, an appellate court may not reverse those findings even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently.
 
 Id.
 
 In order to reverse a fact finder’s determination of fact, an appellate court must review the record in its entirety and (1) find that a reasonable factual basis does not exist for the finding, and (2) further determine that
 
 *853
 
 the record establishes that the fact finder is clearly wrong or manifestly erroneous.
 
 Stobart. v. State, DOTD,
 
 617 So.2d 880, 882 (La.1993).
 

 There is a distinction between the burden of proof required to change a custody plan ordered pursuant to a considered decree and the burden of proof required to change a custody plan ordered pursuant to a non-considered decree (or stipulated judgment).
 
 See Evans,
 
 708 So.2d at 738. A “considered decree” is an award of permanent custody in which the trial court receives evidence of parental fitness to exercise care, custody, and control of children.
 
 Major,
 
 849 So.2d at 551. By contrast, a non-considered decree or stipulated judgment is one in which no evidence is presented as to the fitness of the parents, such as one that is entered by default, by stipulation or consent of the parties, or that is otherwise not contested.
 
 Major,
 
 849 So.2d at 552;
 
 Barnes v. Cason,
 
 25,808 (La.App. 2 Cir. 5/4/94), 637 So.2d 607, 611,
 
 writ denied,
 
 94-1325 (La.9/2/94), 643 So.2d 149.
 

 Once a considered decree of permanent custody has been rendered by a court, the proponent of the change bears the heavy burden of proving that a change of circumstances has occurred, such that the continuation of the present custody arrangement is so deleterious to the child as to justify a modification of the custody decree, or that harm likely caused by a change of environment is substantially outweighed by its advantages to the child.
 
 Bergeron v. Bergeron,
 
 492 So.2d 1193, 1200 (La.1986). In cases where the underlying custody decree is a stipulated judgment, and the parties have consented to a custodial arrangement with no evidence as to parental fitness, the heavy burden of proof rule enunciated in
 
 Berger-on
 
 is inapplicable.
 
 Major,
 
 849 So.2d at 552. Rather, a party seeking a modification of a consent decree must prove that there has been a material change of circumstances since the original (or previous) custody decree was entered and that the proposed modification is in the best interest of the child.
 
 Id.
 

 Although the April 19, 2007 judgment was a consent judgment, it did not award custody; it merely modified the visitation schedule. The judgment stated that it was maintaining the remainder of the prior judgment, the December 15, 2006 considered decree. At the October 9, 2007 hearing, the court was considering a change in custody, which was still governed by the December 15, 2006 considered decree. Thus, the
 
 Bergeron
 
 standard was applicable to Thomas’s request to change custody. The court found that Thomas failed to prove that a change of circumstances had occurred, making the continuation of the present custody arrangement so deleterious to the child as to justify a modification of the custody decree, or that harm likely caused by a change of environment is substantially outweighed by its advantages to the child. Although the court did find that Tracey had in the past failed to comply with the visitation schedule ordered by the court, the court held that Thomas failed carry the heavy burden of proof required by
 
 Bergeron
 
 for a change in custody. After reviewing the evidence contained in |r,the record, we simply cannot say that the court’s factual findings were manifestly erroneous or clearly wrong.
 

 TRAVERSAL OF PAUPER STATUS
 

 Louisiana Code of Civil Procedure article 5184 authorizes an adverse party to traverse the facts alleged in an opponent’s affidavits of poverty and states that the court shall rescind its order if, on the trial of the rule to traverse, it finds that the litigant is not entitled to exercise
 
 *854
 
 the privilege. Generally, a trial court is afforded wide discretion in deciding whether to grant or rescind the privilege to litigate in forma pauperis.
 
 Starks v. Universal Life Insurance Company,
 
 95-1003 (La.App. 1 Cir. 12/15/95), 666 So.2d 387, 394,
 
 writ denied,
 
 96-0113 (La.3/8/96), 669 So.2d 400. In the absence of clear abuse of that discretion, an appellate court will not disturb the trial court’s finding.
 
 Id.
 

 Thomas argues on appeal that the trial court “summarily dismissed the motion [to traverse pauper status] without hearing any argument or evidence.” After reviewing the record, we find that the trial court did not summarily dismiss the motion without argument or evidence. After Thomas elicited testimony that Tracey had more monthly income than was listed in her affidavit, the court stated that even if Tracey did have the additional income alleged by Thomas, considering the attorney’s fees she was paying in this matter, she still did not have sufficient means to pay court costs. Based on this conclusion, the court dismissed Thomas’ motion to traverse. We cannot say that the court abused its wide discretion in so finding.
 

 DECREE
 

 The judgment of the trial court denying Thomas’s request for a change in custody and dismissing his motion to traverse Tracey’s pauper status is 17affirmed. Costs of this appeal are assessed to the appellant, Thomas Eric Perry.
 

 AFFIRMED.