PETTIGREW, J.,
dissents, and assigns reasons.
LEven assuming the majority is correct that the Venezuelan custody determination does not have to be made executory (which legal issue I do not necessarily concede) to enforce said judgment in Louisiana under the U.C.C.J.E.A., I still am of the opinion that the trial court’s judgment should be reversed.
The Venezuelan judgment, a considered decree, gave custody to Mrs. Sartin subject to visitation rights of Mr. Guzman. Mr. Guzman requested that the trial court modify this custody grant to Mrs. Sartin. In Louisiana, once a considered decree of permanent custody has been rendered by a court, the proponent of the change bears the heavy burden of proving that a change of circumstances has occurred, such that the continuation of the present custody arrangement is so deleterious to the child *432 as to justify a modification of the custody decree, or that harm likely caused by a change of environment is substantially outweighed by its advantages to the child. Perry v. Monistere, 2008-1629, pp. 4-5 (La.App. 1 Cir. 12/23/08), 4 So.3d 850, 853. There is no evidence in the record that the trial court applied this burden to Mr. Guzman.
The record further reflects that Mrs. Sartin is a citizen of the United States, who is remarried. She was living in St. Tammany Parish when the proceeding began and now lives in Terrebonne Parish. Mr. Guzman is not a citizen of the United States, has also remarried, and currently resides in Texas. I am of the humble opinion that it was error for the trial court to allow Mr. Guzman to take these children outside of the United States territory to Venezuela. I am of the opinion this put the children at risk. Prohibiting him from taking the children outside the United States does not interfere with him freely exercising his visitation.
For these reasons I would reverse the trial court.