CRAIN, J.
^Reginald T. Miles appeals a judgment of the Family Court of East Baton Rouge *432 Parish, which established custody and child support. We vacate in part and affirm.
FACTS
Miles and Teria Hunter are the biological parents of one child, born February 1, 2012. The parties were never married and ended their relationship soon after the child was born. By mutual agreement, the parties shared custody of the minor child, alternating physical custody every three days, and briefly every seven days. On October 29, 2012, Miles filed a petition for custody, asking that the family court award joint custody of the child, with him being named domiciliary parent, and that the family court order that Hunter pay him child support. On November 16, 2012, Hunter filed her own petition for custody and support. The parties then entered into a stipulated judgment, signed by the family court on January 28, 2013, setting forth that the parties would share physical custody of the child, on an interim basis, with Miles having custody of the child on alternating weeks from Thursday at 6:00 p.m. to Monday at 6:00 p.m., and on weeks he did not have weekend physical custody, from Thursday at 6:00 p.m. through Friday at 7:00 a.m. The stipulated judgment further ordered Miles to pay interim child support in the amount of $200.00 per month.
Within four months, Miles filed a rule for contempt, alleging that Hunter had violated provisions of the stipulated judgment and seeking a trial date for a custody determination. In her response, Hunter denied Miles’ allegations and asserted a reconventional demand in which she sought an increase in the interim child support award set forth in the stipulated judgment. Hunter additionally averred that she should be allowed to claim the child as a dependent for both state and | (¡federal income tax purposes. Thereafter, the parties entered into two stipulated judgments, both signed August 23, 2013. One, rendered after a May 28, 2013 hearing, dismissed the rule for contempt and modified the January 23, 2013 judgment only insofar as it imposed a right of first refusal in the event the child would be in the care of a third party. The other, rendered after a July 9, 2013 hearing, increased the interim child support that Miles was ordered to pay to $796.66, and stated that the retroactive child support issue would be determined at trial. It further stated that issues of final custody and income tax dependency were preter-mitted until trial.
Trial in the matter was held September 30, 2013. After considering the testimony of both Miles and Hunter, as well as the evidence submitted by each, the family court entered judgment awarding the parties joint custody of the child, with Hunter the domiciliary parent, and Miles having physical custody on alternating Thursdays from daycare to Monday at daycare. On alternating weeks, Miles was awarded custody of the child on Wednesday from daycare through Friday morning when he would return the child to daycare. On Mondays opposite the Monday that he returns the child to daycare, Miles was awarded custodial time from daycare at 3:00 p.m. to 7:00 p.m. Miles’s monthly child support obligation was set in the amount of $1,006.32, less a credit of 28% of the child’s portion of the insurance premiums commencing October 1, 2013. However, for the time period of October 29, 2012, to September 30, 2013 (the date this judgment was rendered), child support was set in the monthly amount of $1,035.16, less a credit of 28% of the child’s portion of the insurance premiums, and a credit for all payments made pursuant to any prior child support order. The judgment further pro *433 vided that all child support arrearages were made executory.
l4Miles now appeals, contending that the family court erred in limiting his time periods of physical custody to a few days every other week, in awarding the final child support retroactive to the date he filed his petition for custody, in ordering that child support arrearages be made executory, and in failing to award him the federal and state tax dependency credits.
CUSTODY
Each child custody case must be viewed in light of its own particular facts and circumstances, with the paramount consideration being the best interest of the child. La. Civ.Code art. 131; Perry v. Monistere, 08-1629 (La.App. 1 Cir. 12/23/08), 4 So.3d 850, 852. Louisiana Civil Code article 134 directs that in determining the best interest of the child, courts should consider all relevant factors, which may include:
(1) The love, affection, and other emotional ties between each party and the child.
(2) The capacity and disposition of each party to give the child love, affection, and spiritual guidance and to continue the education and rearing of the child.
- (3) The capacity and disposition of each party to provide the child with food, clothing, medical care, and other material needs.
(4) The length of time the child has lived in a stable, adequate environment, and the desirability of maintaining continuity of that environment.
(5) The permanence, as a family unit, of the existing or proposed custodial home or homes.
(6) The moral fitness of each party, insofar as it affects the welfare of the child.
(7) The mental and physical health of each party.
(8) The home, school, and community history of the child.
(9) The reasonable preference of the child, if the court deems the child to be of sufficient age to express a preference.
|fi(10) The willingness and ability of each party to facilitate and encourage a close and continuing relationship between the child and the other party.
(11) The distance between the respective residences of the parties.
(12) The responsibility for the care and rearing of the child previously exercised by each party.
The “best interest of the child” test is a fact-intensive inquiry, requiring the weighing and balancing of factors favoring or opposing custody in the competing parties on the basis of the evidence presented in the case. Hebert v. Schexnayder, 12-1414 (La.App. 1 Cir. 2/15/13), 113 So.3d 1097, 1100-01. Because of the family court’s opportunity to evaluate witnesses, and taking into account the proper allocation of lower and appellate court functions, great deference is accorded to the family court’s decision regarding the best interest of the child. Olivier v. Olivier, 11-0579 (La.App. 1 Cir. 11/9/11), 81 So.3d 22, 26. Thus, the family court’s determination regarding child custody will not be disturbed absent a clear abuse of discretion. Id.
In its oral reasons for judgment, the family court reviewed the evidence and discussed the factors set forth in Article 134. The family court expressed its concern that the parents of this child, who was then nineteen months old, were unable to effectively communicate and provide consistency in the child’s daily routine. The court was particularly troubled by testimony describing a physical altercation between the parties in the presence of the *434 child, for which the court believed that both parties could have been arrested. The family court concluded that the best interest of this child would be served by a joint custody plan that addressed the parents’ lack of communication and minimized their interactions, but provided the child with frequent contact with each parent and created consistency. To achieve this, the family court named Hunter the child’s domiciliary parent and awarded Miles custodial periods on alternating Thursdays from daycare to Monday |fiat daycare, plus Wednesday from daycare through Friday morning when he returns the child to daycare on alternating weeks. In addition, on the Monday opposite the Monday that Miles returns the child to daycare, Miles was awarded physical custody from daycare at 3:00 p.m. until 7:00 p.m.
We find that the family court closely and carefully considered the testimony and evidence presented. The record overwhelmingly supports the trial court’s concern regarding the parties’ lack of communication. Considering the unique facts of this case, including the child’s young age, and the child’s best interest, we find that the family court did not abuse its discretion in its custody determination.
CHILD SUPPORT
The family court set Miles’s child support obligation in the amount of $1,006.32 per month, less certain credits, beginning on October 1, 2013. The family court additionally set Miles’s child support obligation for the period of October 29, 2012, through September 30, 2013, in the amount of $1,035.16 per month, less certain credits. The judgment further provided that child support arrearages were made executory. Miles contends the family court erred in ordering retroactive child support to the date he filed his petition for custody and in making that award executory.
With regard to the retroactivity of a child support award, Louisiana Revised Statute 9:315.21 provides, in pertinent part:
A. Except for good cause shown, a judgment awarding, modifying, or revoking an interim child support allowance shall be retroactive to the date of judicial demand, but in no case prior to the date of judicial demand.
B. (1) A judgment that initially awards or denies final child support is effective as of the date the judgment is signed and terminates an interim child support allowance as of that date.
(2) If an interim child support allowance award is not in effect on the date of the judgment awarding final child support, the judgment shall |7be retroactive to the date of judicial demand, except for good cause shown, but in no case prior to the date of judicial demand.
C. Except for good cause shown, a judgment modifying or revoking a final child support judgment shall be retroactive to the date of judicial demand, but in no case prior to the date of judicial demand.
[[Image here]]
E. In the event that the court finds good cause for not making the award retroactive to the date of judicial demand, the court may fix the date on which the award shall commence, but in no case shall this date be a date prior to the date of judicial demand.
Section 9:315.21(B) treats a final child support award differently depending on whether an interim award was in effect at the time the final judgment was signed. Vaccari v. Vaccari, 10-2016 (La. 12/10/10), 50 So.3d 139, 143. If no interim order was in effect, then a final award is required to be made retroactive to the date of judicial demand. La. R.S. *435 9:315.21(B)(2); Vaccari, 50 So.3d at 143. But when an interim order is in effect, Section 9:315.21(B)(1) neither expressly permits, nor forbids, a court from making a final award retroactive. Vaccari, 50 So.3d ■ at 143. The Louisiana Supreme Court has interpreted Section 9:315.21 to mean that “wpon a showing of good cause, a trial court may order a final child support award retroactive to the date of judicial demand even though there has been an interim order in effect.” Vaccari, 50 So.3d at 143 (emphasis added). Absent a showing of good cause, however, the final child support award begins on the date of the signing of the judgment which awards' it and terminates the interim award. La. R.S. 9:315.21; Coleman v. Coleman, 47,080 (La.App. 2 Cir. 2/29/12), 87 So.3d 246, 256.
In this case, an interim child support award was in effect at the time at the time the judgment awarding final support was signed. The family court made no finding of good cause, and we find no showing of good cause on the record before us. Although there were some assertions by counsel that the interim awards were |sset without the benefit of the parties’ financial records, there is no evidence that Miles misrepresented material facts regarding his finances to avoid his child support obligation. Contrast Vaccari, 50 So.3d at 144.
In a case such as this where an interim child support award was in effect and there has been no showing of good cause, Section 9:315.21 requires that the final child support award begin on the date of the signing of the judgment, which terminates the interim award; Accordingly, we vacate that portion of the judgment setting child support in the amount of $1,035.16 per month for the period of October 29, 2012, to September 30, 2013. Since there was no evidence of any arrearages, we likewise vacate that portion of the judgment ordering that child support arrearag-es be made executory.
TAX CREDIT
Lastly, Miles contends that the family court erred in failing to award him the federal and state tax dependency credits.
The entitlement to claim dependents for federal and state income tax purposes is governed by Louisiana Revised Statute 9:315.18, which pertinently provides:
A. The amounts set forth in the schedule in R.S. 9:315.19 presume that the custodial or domiciliary party has the right to claim the federal and state tax dependency deductions and any earned income credit. However, the claiming of dependents for federal and state income tax purposes shall be as provided in Subsection B of this Section.
B. (1) The non-domieiliary party whose child support obligation equals or exceeds fifty percent of the total child support obligation shall be entitled to claim the federal and state tax dependency deductions if, after a contradictory motion, the judge finds both of the following:
(a) No arrearages are owed by the obli-gor.
(b) The right to claim the dependency deductions or, in the case of multiple children, a part thereof, would substantially benefit the non-domiciliary party without significantly harming the domiciliary party.
l9Other than in relation to the retroactive child support award, which we have determined was not appropriate, the record does not contain any evidence regarding arrearages; nor does it contain. evidence that the deductions would substantially benefit Miles, without substantially harming Hunter. Ab *436 sent such evidence, we find no merit to Miles’ assertion that the trial court erred in failing to award him the federal and state tax dependency deductions.
CONCLUSION
For the foregoing reasons, we vacate those portions of the family court’s December 20, 2013 judgment setting child support for the period of October 29, 2012, to September 30, 2013, and making child support arrearages executory. In all other respects, specifically including that portion of the judgment requiring that Miles pay child support in the amount of $1,006.32 per month from October 1, 2013, forward, the judgment is affirmed. Costs of this appeal are assessed to Teria R. Hunter.
VACATED IN PART AND AFFIRMED.