PER CURIAM.
_|jWe granted this writ to clarify under what circumstances an award of final child support may be made retroactive to the date of judicial demand.
During the hearing on Joan Vaccari’s demand for interim child support, Christian Vaccari, her ex-husband, submitted an affidavit stating that his 2004 income was approximately $262,000. He was ordered to pay $7,000 per month in interim child support. A court-appointed CPA later determined that Mr. Vaceari’s actual 2004 income was far higher than he had previously claimed. Based on this newly discovered evidence, the court awarded Ms. Vaccari a final monthly child support payment of $16,546. The trial court ordered the final support award retroactive to the date of Ms. Vaccari’s judicial demand. The court of appeal reversed and held the trial court had no statutory authority to make the award retroactive.
We reverse and reinstate the judgment of the trial court, finding the relevant statute does not forbid a court from rendering a final child support award retroactive, and good cause exists for the trial court to do *141 so here. This is not to say a final child support award must be retroactive, or even that it should be made retroactive in every ^proceeding. But in cases such as this one, where a party files a false affidavit in an effort to avoid the full extent of his child support obligation, it is only proper to make the award retroactive so he will not benefit from his own misdeeds.
FACTUAL BACKGROUND AND PROCEDURAL HISTORY
The Vaccaris married in 1989, and have four children. Mr. Vaccari filed for divorce in early 2004. On March 4, 2004, Ms. Vaccari filed an answer and reconven-tional demand seeking, inter alia, child support.
During the initial hearing for an interim child support award, Mr. Vaccari represented his net income during 2004, exclusive of taxes, was $262,273. Based on this stated income, the hearing officer recommended Mr. Vaccari be ordered to pay $7,000 in interim monthly child support.[1] On March 5, 2005, the court adopted the hearing officer’s recommendation:
[W]ithout any prejudice whatsoever to the rights of the parties, concerning the ultimate amount of child support, Christian Vaccari shall pay cash child support in the amount of $7,000 per month, retroactive to the date that the Court’s Hearing Officer made the written recommendation for the child support in the amount of $7,000 per month.
Discovery in this case was contentious, as each party accused the other of withholding relevant financial information including tax returns and corporate records. Most notably, Ms. Vaccari accused Mr. Vaccari of hiding large amounts of income from the closely held companies he owned and controlled. At a hearing on the interim child support award held on May 22 and 23, 2006, the court discovered Mr. Vaccari’s 2004 net income was far higher than previously believed — over $3.5 million, according to an expert accountant retained by Ms. Vaccari. During this | .^hearing, the trial court expressed understandable frustration at the parties’ ongoing discovery battles and Mr. Vaccari’s refusal to provide full and complete records. On its own motion, the court appointed Greg Verges, a CPA, as a neutral expert in forensic accounting with access to both the parties’ financial documents and records.
Although the discovery disputes continued, Verges was able to gather enough information by January 26, 2007 to prepare a preliminary report reflecting that Mr. Vaccari’s income and means were significantly higher than had been previously represented. On March 26, 2007, Ms. Vac-cari asked the court to adopt the findings of the Verges report. The court declined:
[T]he oral motion of Ms. Vaccari to adopt the initial report of Gregory Verges, CPA is denied due to the fact the Court has ordered that any final judgment of support shall be retroactive to the original date of filing.
Although Mr. Vaccari immediately appealed this order, the appeal was soon withdrawn by consent of the parties.
Trial was held on July 27, 2007. Based on additional evidence introduced at trial, Verges prepared a final report dated November 30, 2007. The parties filed post-trial briefs, and judgment was entered on October 3, 2008. The court adopted Verges’s recommended child support award of $16,546:
*142 [T]he monthly child support payable by Christian Vaccari to Joan Y. Vaccari shall be $16,546.00, retroactive to the date of filing, namely March 4, 2004. This sum is the amount recommended by Mr. Verges in his final report of November 30, 2007. The payment shall be made in two equal semi-monthly installments on the first and fifteenth days of the month.
Mr. Vaccari filed a motion for new trial, which was denied. On appeal, the judgment was affirmed in part and amended in part. Vaccari v. Vaccari, 2009-1945 (La. App. 1 Cir. 7/29/10), 41 So.3d 662. Although the appeal raised several assignments of error, only one issue — the purported retroactivity of the child support | Judgment — is the subject of the instant writ. The court of appeal, following its prior decision in Moran v. Moran, 02-1562 (La.App. 1 Cir. 6/27/03), 858 So.2d 581, writ denied 03-2124 (La.11/7/03), 857 So.2d 502, held La.Rev.Stat. § 9:315.21 does not permit a trial court to render a final judgment of child support retroactive to the date of judicial demand when there is an interim child support award in effect. We disagree.
DISCUSSION
This Court has long recognized Louisiana’s strong public policy requiring parents to provide for the maintenance and support of their children. For over two hundred years, Louisiana law has provided “Fathers and mothers, by the very act of marrying, contract together the obligation of nourishing, maintaining and educating their children.”[2] Digest of the Civil Laws Now in Force in the Territory of Orleans bk. I, tit. VII, art. 46 (1808). This provision remains substantively unchanged as current Civil Code art. 227, and evidences a “conjoint obligation of both parents ... with each parent contributing in proportion to his or her resources.” Guilliot v. Munn, 99-2132 (La.3/24/00), 756 So.2d 290, 295-96.
It has long been the law that a child support judgment may be rendered retroactively: “retroactivity is intrinsic to the concept of child support under Louisiana’s civilian tradition ... Louisiana law ‘abhors a gap in the support of one in need.’ ” Fink v. Bryant, 01-0987 (La.11/28/01), 801 So.2d 346, 350, quoting Hogan v. Hogan, 549 So.2d 267, 271 (La.1989). Retroactivity in this context “is not in the nature of a penalty, but merely a judicial recognition of pre-existing entitlement. |sOnly practicality postpones the effective date of the obligation to pay child support to the date a court orders that payment.” Id. at 350 (citations omitted).
La.Rev.Stat. § 9:315.21 sets forth when a court may render a child support judgment retroactive:
A. Except for good cause shown, a judgment awarding, modifying, or revoking an interim child support allowance shall be retroactive to the date of judicial demand, but in no case prior to the date of judicial demand.
B. (1) A judgment that initially awards or denies final child support is effective as of the date the judgment is signed and terminates an interim child support allowance as of that date.
(2) If an interim child support allowance award is not in effect on the date of the judgment awarding final child sup *143 port, the judgment shall be retroactive to the date of judicial demand, except for good cause shown, but in no case prior to the date of judicial demand.
C. Except for good cause shown, a judgment modifying or revoking a final child support judgment shall be retroactive to the date of judicial demand, but in no case prior to the date of judicial demand.
[[Image here]]
E. In the event that the court finds good cause for not making the award retroactive to the date of judicial demand, the court may fix the date on which the award shall commence, but in no case shall this date be a date prior to the date of judicial demand.
We begin our analysis, as always, with a close reading of the statute itself. Subsection B, which is most directly relevant to our discussion, treats a final award of support differently depending on whether there is an interim award in effect when the final judgment is signed. If there is no interim award in effect, § 9:315.21(B)(2) requires a final award to be made retroactive to the date of judicial demand.
We are more concerned with § 9:315.21(B)(1), which controls where, as here, an interim award is in effect when the final judgment is signed. Subsection B(l) Estates a final judgment “is effective as of the date the judgment is signed” and it “terminates an interim child support allowance as of that date.” This clearly explains the rule going forward from the date the judgment is signed — the interim award will no longer be in effect, the final judgment will be. However, it does not directly address the retroactive effect, if any, of such a judgment. This is an apparent lacuna in the statute — although the statute does not expressly permit a court to render such a final judgment retroactive, neither does it expressly forbid it.
The answer lies in § 9:315.21(0, which provides an order “modifying or revoking a final child support judgment shall be retroactive to the date of judicial demand.” If an order modifying a final support judgment may be made retroactive, a fortior-wri, the judgment itself may be made retroactive. This point is made clear in a hypothetical situation where a trial court awards $800 in monthly interim child support. The court later enters a final support judgment in the amount of $1,000 per month, effective the date the final judgment is signed. According to Mr. Vaccari, this judgment cannot be made retroactive to the date of judicial demand. However, if the very next day the court discovers a mathematical error and enters a modified judgment in the amount of $1,001 per month, the statute expressly provides the newly modified judgment shall be retroactive to the date of judicial demand unless there is good cause to do otherwise. This would be an absurd result.
Similarly, La.Rev.Stat. § 9:315.21(B)(2) states where an “interim child support allowance award is not in effect on the date of the judgment awarding final child support,” the final award shall be retroactive. A trial court could render the final judgment retroactive simply by cancelling the interim award one day before signing the final judgment, so an interim award is not “in effect on the date” the final judgment is signed. We cannot presume that the Legislature intended to countenance 17these kinds of judicial parlor tricks.
We therefore hold, upon a showing of good cause, a trial court may order a final child support award retroactive to the date of judicial demand even though there has been an interim award in effect. Any *144 cases holding the contrary are hereby overruled.[3]
This holding is in accord with the stated policy goals of Louisiana’s child support statutes and affirms long held civilian concepts regarding the ongoing nature of the child support obligation. This obligation is not suddenly imposed on Mr. Vaccari on the date the judgment is signed. It is a judicial recognition of his already-existing obligation to support his children in accordance with his true income.[4]
While ultimately guided by the legislation, we are also persuaded by the equities of this case. Mr. Vaccari made numerous attempts to hide the significant amount of wealth he controlled via the closely held companies he owns — as the trial court somewhat drily noted in his written reasons for judgment, “the extent of [Mr. Vaccari’s] holdings was greatly understated.” It was only long after the initial interim award that the full extent of Mr. Vaccari’s means became known via Mr. Verges’s report.[5] Through his own obfuscatory tactics, Mr. Vaccari was able to temporarily | Smislead the trial court into believing his means were far lower than they actually were. As a result, he avoided paying over $500,000 in rightly owed child support. Once the court recognized the true extent of Mr. Vaccari’s wealth, it correctly ordered him to pay the full amount, including arrearages, thus treating him the same as if he had been truthful all along.
Ms. Vaccari correctly notes the Court of Appeal opinion creates a perverse incentive for parties in divorce proceedings to falsely report their income and means in hope of paying as little as possible in interim support. Indeed, if Mr. Vaccari had been open and truthful from the beginning, it is certain the original interim support award would have been significantly higher. It is not this Court’s policy to reward parties for misrepresenting material facts.[6]
CONCLUSION
Wherefore, for the above-stated reasons, the judgment of the Court of Appeal is reversed in part. The portion of the trial court’s judgment dated October 3, 2008 *145 rendering the final child support award retroactive to the date of judicial demand is hereby reinstated.
REVERSED IN PART AND REMANDED TO DISTRICT COURT.

. The court also ordered Mr. Vaccari to pay the costs of the children’s health and dental insurance, school tuition and fees, and various other expenses. These ancillary expenses are not in dispute.

. “Les pére et mere, par le seul fait du manage, contractent ensemble l’obligation de nourrir, entretenir, et élever leurs enfans.” A narrower obligation was imposed with respect to children born out of wedlock: "Fathers and mothers owe alimony to their natural children, when they are in need.” Digest of the Civil Laws Now in Force in the Territoiy of Orleans bk. I, tit. VII, art. 61 (1808).

. See, e.g., Moran v. Moran, 2002-1562 (La. App. 1 Cir. 6/27/03), 858 So.2d 581, writ denied 2003-2124 (La.l 1/7/03), 857 So.2d 502; Martin v. Martin, 1998-165 (La.App. 3 Cir. 6/3/98), 716 So.2d 46; Pellerin v. Pellerin, 97-2085 (La.App. 4 Cir. 6/17/98), 715 So.2d 617, writ denied, 98-1940 (La.10/30/98) 727 So.2d 1167; Bergeron v. Bergeron, 44,210 (La.App. 2 Cir. 3/18/09), 6 So.3d 948; Garcia v. Rodriguez, 2002-0439 (La.App. 4 Cir. 11/29/03), 839 So.2d 368.

. "Accordingly, a utopian court, following the code and Planiol literally, would decree that any modification in the alimony award shall take effect as of the precise moment of the consequential change in the parties' situation." Hogan v. Hogan, 549 So.2d 267, 273 (La.1989), citing 1 M. Planiol, Civil Law Treatise, pt. 1 § 682.

. This Court is aware of the seemingly metaphysical distinction Mr. Vaccari’s counsel attempts to draw between his personal income and the wealth he enjoyed through these closely held businesses. It is apparent neither Mr. Verges nor the trial court found this distinction meaningful in determining the final child support award. Neither do we.

. This is not to fully excuse the actions of Ms. Vaccari and her counsel. A review of the record before us reveals both parties contributed to unnecessary delay by filing every possible pleading and motion, propounding waves of often trivial and onerous discovery requests (e.g., requests for detailed records regarding "the cost of each bottle of wine and the place of purchase”), raising every possible objection to every discovery request, and generally preventing quick and efficient resolution of the case. The transcripts reflect the district court judge’s understandable frustration with repeated continuances and the parties’ apparent unwillingness to resolve their issues without judicial micromanagement.