NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

19-526


SCOTT LEWIS WINFREY

VERSUS

ASHLEY KAY WINFREY


**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2010-4020
HONORABLE LILYNN A. CUTRER, DISTRICT JUDGE

**********

JOHN E. CONERY
JUDGE

**********

Court composed of John E. Conery, Van H. Kyzar, and Candyce G. Perret, Judges.


AFFIRMED.

**John Green, Jr.**
**Law Offices of John Green, Jr.**
**1135 Hodges Street**
**Lake Charles, Louisiana  70601**
**(337) 990-0060**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     **Ashley Kay Winfrey**

**William J. Cutrera**
**Attorney at Law**
**2380 Lake Street**
**Lake Charles, Louisiana  70601**
**(337) 433-4903**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
     **Scott Lewis Winfrey**

**CONERY, Judge.**

The defendant, Ashley Kay Winfrey, urges only one assignment of error on appeal, that the trial court failed to make the award of child support retroactive to the date of judicial demand, October 8, 2015. For the following reasons we affirm the trial court's amended judgment of April 3, 2019 making the award of child support effective September 1, 2016.

## FACTS AND PROCEDURAL HISTORY

Scott Lewis Winfrey and Ashley Kay Winfrey were divorced on June 13, 2011. During the marriage the couple had four children. A "Memorandum of Understanding Co-Parenting Plan" (Memorandum) was filed on March 1, 2011, wherein the parties were designated as co-domiciliaries, with each parent having basically equal access to the minor children. The Memorandum stated as follows:

### C.    CHILD SUPPORT

1.    Regular monthly child support for the minor children shall be paid in accordance with the judgment of the court.

2.    Parties agree to equally split all child-related costs at the end of every month, when they shall exchange receipts for these expenses.

3.    Parties agree to equally split health insurance costs and all medical expenses at the end of every month, when they shall exchange receipts for these expenses.

On October 8, 2015, Ashley filed a Rule to Modify Custody, Establish Child Support and a Rule for Contempt. On November 25, 2015, Scott filed an Answer and a Reconventional Demand.

At an August 22, 2016, Hearing Officer Conference (HOC), Ashley was designated as domiciliary parent of the children and Scott was granted visitation privileges. Scott timely filed an objection to the Hearing Officer's

Recommendations, objecting to, among other things, the amount of child support and the amount of income attributed to him. Scott began to make and continued to make child support payments beginning on September 1, 2016, which included the retroactive amount due from October 8, 2015, the date of judicial demand, to August 31, 2016.

At a subsequent HOC held on September 22, 2016, Scott's child support obligation was recalculated and once again included the retroactive amount due from October 8, 2015, the date of judicial demand, to August 31, 2016. At that Conference, Scott was not found in contempt of court, but the hearing officer determined that Scott owed reimbursement to Ashley in the amount of $28,330.33 for claims related to the children's expenses through August 2016. The $28,330.33 amount Scott owed to Ashley included a credit of $4,432.93, claimed by Scott for payments made from October 2015 through August 2016 for expenses related to the children. Scott once again timely objected to the Hearing Officer's Recommendations.

On December 15, 2016, Scott filed a Rule for Contempt against Ashley, this time focusing on a community property dispute between the couple. At a March 20, 2017 HOC, the couple entered into a Consent Judgment, which settled all child support reimbursement claims made by Ashley against Scott and all claims filed by Scott against Ashley in connection with the division of community property. The Consent Judgment provided as follows:

> IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the parties agree that any and all reimbursement claims existing between them from the date of filing this matter [(October 8, 2015)] through March 20, 2017 are hereby resolved as follows:
>
> Any and all reimbursement owed to ASHLEY by SCOTT for any expenses related in any way to the minor

children (i.e. $28,330.33) are considered to be fully resolved in the same manner as if they had been paid. As such, her claims for said reimbursement as well as Scott's appeal of the Hearing Officer Recommendation – as it relates to only that issue are dismissed. The parties understand that the appeal still remains as to child support, custody and visitation.

Any and all claims that SCOTT has against ASHLEY that are related in any way to the former community home located at 1208 Wilderness Trail in Crowley, Texas are hereby dismissed as same are considered fully satisfied.

There is no finding of contempt against ASHLEY related to the Rule filed on 12/15/16.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that this constitutes a joint stipulation to the contents of this document and that a Consent Judgment on the issues before the Court be issued and that neither of the parties may object to [sic] appeal from the results of this consent agreement.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the 14th Judicial District Court shall maintain jurisdiction in any subsequent proceedings to enforce or modify agreements contained herein unless the proper jurisdiction has been established in another Court or unless jurisdiction has changed by operation of law.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that all costs associated with the pleadings giving rise to and resulting in the filing of this stipulation and resulting Order be assessed as follows:

SCOTT      50%

ASHLEY    50%

Pursuant to a trial held on February 15, 2018, the trial court resolved the issue of child custody between the parties. The trial court issued a judgment on June 12, 2018 granting Ashley and Scott "joint custody, care, and control of the minor children." The trial court named Ashley as the domiciliary parent, and granted Scott visitation "pursuant to the attached Joint Custody Plan." The issue of

3

child support was deferred, and ultimately heard by the Hearing Officer on April 2, 2018.

On April 2, 2018, the Hearing Officer recommended that Scott's child support obligation be $690.00 per month effective September 1, 2016, subject to any payments made and further, Scott had a credit of $4,432.93 for child support up and through August 31, 2016. Ashley timely filed an Objection to the Hearing Officer's Recommendation.

The issue of child support was submitted to the trial court for ruling on briefs and a joint Stipulation of Facts. The trial court also considered the Hearing Officer's Recommendations issued from Conferences held on August 22, 2016, September 22, 2016, and April 2, 2018.

The trial court issued its Original Judgment on March 27, 2019, and ordered that Scott's "child support obligation shall be set at $1,023 a month for the time period of September 1, 2016 until December 31, 2016, and $890 a month effective January 1, 2017, with payments of ½ payable on the 1st and 15th of each month, with credit for any child support payments made from September 1, 2016 to present."

The trial court issued an Amended Judgment on April 3, 2019 increasing the amount of Scott's child support obligation from $1,023 a month to $1,120 a month for the time period of September 1, 2016 to December 31, 2016, and from $890 a month to $974 a month effective January 1, 2017 forward. No additional changes were made to the Amended Judgment, which continued to make Scott's child support award retroactive to September 1, 2016, and not the date of initial judicial demand of October 8, 2015, as claimed by Ashley. Ashley filed a timely appeal to

this court objecting only to the trial court's failure to make the child support award retroactive to October 8, 2015, the date of judicial demand.

## ASSIGNMMENT OF ERROR

Ashley's assignment of legal error states, "Did the Trial Court commit legal error when it made the final child support award retroactive to September 1, 2016?"

## LAW AND DISCUSSION

### *Standard of Review*

Before turning to Ashley's specific argument, we first note that "[w]e review child support determinations using the manifest error standard of review and we will not disturb the trial court's order unless it committed manifest error or abuse of discretion in its determination." *L.E.P.S. v. R.G.P.*, 10-1128, p. 8 (La.App. 3 Cir. 3/16/11), 59 So.3d 523, 528-29 (citing *State, Dep't of Soc. Servs. v. L.T.*, 05-1965 (La. 7/6/06), 934 So.2d 687), *writ denied*, 11-770 (La. 5/27/11), 63 So.3d 999.

### *Retroactivity of the Child Support Award*

Louisiana Revised Statutes 9:315.21 governs a trial court's ability to render a child support judgment retroactively, and states in pertinent part:

> A. Except for good cause shown, a judgment awarding, modifying, or revoking an interim child support allowance shall be retroactive to the date of judicial demand, but in no case prior to the date of judicial demand.
>
> B.(1) A judgment that initially awards or denies final child support is effective as of the date the judgment is signed and terminates an interim child support allowance as of that date.
>
> (2) If an interim child support allowance award is not in effect on the date of the judgment awarding final child support, the judgment shall be retroactive to the date of judicial demand, except for good cause shown, but in no case prior to the date of judicial demand.
>
> C. Except for good cause shown, a judgment modifying or revoking a final child support judgment shall be retroactive to the date of judicial demand, but in no case prior to the date of judicial demand.

D. Child support of any kind, except that paid pursuant to an interim child support allowance award, provided by the judgment debtor from the date of judicial demand to the date the support judgment is signed, to or on behalf of the child for whom support is ordered, shall be credited to the judgment debtor against the amount of the judgment.

E. In the event that the court finds good cause for not making the award retroactive to the date of judicial demand, the court may fix the date on which the award shall commence, but in no case shall this date be a date prior to the date of judicial demand.

In *Vaccari v. Vaccari*, 10-16 (La. 12/10/10),w 50 So.3d 139, the supreme court determined that it was within the trial court's discretion and was not manifestly erroneous or clearly wrong to make an award of child support retroactive to the date of judicial demand, even though there had been an interim award in effect. The supreme court explained, "We therefore hold, upon a showing of good cause, a trial court **may** order a final child support award retroactive to the date of judicial demand even though there has been an interim award in effect. Any cases holding the contrary are hereby overruled." *Id.* at 143-44 (emphasis added) (footnote omitted).

In *Vaccari*, however, there was good cause shown to make the child support award retroactive to the date of judicial demand despite the interim award that was in effect. In finding good cause, the trial court determined that Mr. Vaccari had hidden his substantial assets and therefore grossly underpaid his prior interim child support. This is not the situation in this case.

***The Trial Court's Written Reasons for Judgment***

Prior to entering its initial judgment on March 27, 2019, the trial court issued "WRITTEN REASONS FOR JUDGMENT," and specifically addressed the "Retroactivity of Child Support Order," as follows:

3/1/11        Shared custody and no child support owed

6

| 10/8/15 | Ashley files for custody modification and child support |
|---|---|
| 8/22/16 | HO recommends child support of $1,391 effective 10/8/16 |
| 9/22/16 | HO says effective date of 10/8/16 was a typo - should be 10/8/15, date of filing for child support |

HO finds Scott has shared custody of children until 8/22/16, but not James

HO recommends:   $605 effective 10/8/15 - 7/5/16
                  $1,391 effective 7/6/16

HO finds Scott owes $28,330.33 for children expenses including expenses from October, 2015 to August, 2016

Retroactivity of Child Support Order

By including expenses from October, 2015 to August, 2016, Scott's obligation to support the children, through payment of the children's expenses, was recognized and applied. Therefore, the child support should not be retroactive during this period requiring Scott to pay child support for this period, as well as owe her [(Ashley)] for the children[s'] expenses. The Court could have removed the expenses during this period from what Scott owed Ashley and have the child support be retroactive to 10/8/15. However, the parties entered [into] a consent judgment at the Hearing Officer Conference on 3/20/17, agreeing that all of Ashley's reimbursement[] claims through 3/20/17 are considered resolved and as if they have been paid and any claims that Scott has against Ashley regarding the former community home are waived. Thus, there was consideration given in exchange for relieving Scott of this obligation and the amount that Scott owed Ashley was clearly considered as a wash with any claims he had against her for the community home. Since this was done and Ashley received the obligation of support Scott owed her during this period even if it was used to wash away any obligation that she owed him, the Court finds good cause to not apply the award of child support retroactively and the effect[ive] date of Scott's child support obligation shall be 9/1/16.

The trial court in its written reasons also addressed under the heading "Credit to Child Support Obligation of $4,432.93[,]" the amount found by the Hearing Officer that Scott was owed as a credit for the expenses he paid for the period between October, 2015 and August, 2016, "the disputed retroactive period."

7

The trial court stated as follows with respect to Scott's credit:

> 4/2/18     At another HOC, the HO recommended Scott pay support in the amount of $690 effective 9/1/16.
>
> HO also recommended a credit to Scott of $4,432.93 for child support up to 8/31/16.

> The only statement regarding the amount of child support Scott has paid to date, in the stipulation of facts, states that Scott began making child support payments on September 1, 2016 until **present and these payments include the retroactive amount to October 8, 2015.** The Court does not understand what monthly amount he started paying her and whether all of the retroactive amount was included. Therefore, the Court is not able to figure out the exact amount that has been paid to date and there was no figure given in any of the briefs filed. **The $4,432.93 credit that is given by the Hearing Officer is for the expenses that Scott paid for during the period between October, 2015 and August, 2016,** the disputed retroactive period. Since the $4,432.93 amount was included in the $28,330.33 amount and it was considered in the consent judgment of 3/20/17 (wherein it was considered to be an obligation Scott owed Ashley although it was washed against what she owed him) and the court is not ordering the child support obligation to be retroactive to 10/8/15, Scott would not receive another automatic credit of $4,432.93 to his child support arrears. That is not to say he would not be entitled to a credit for any monies that he paid starting September 1, 2016.

(Emphasis added.)

The trial court subsequently entered an amended judgment on April 3, 2019, which increased Scott's child support obligation to "$1,120 a month for the time period of September 1, 2016 until December 31, 2016, and $974 a month effective January 1, 2017, with payments of ½ payable on the 1st and 15th of each month, with credit for any child support payments made from September 1, 2016 to present." The amended judgment only increased Scott's child support obligation and did not change the retroactive date of the support obligation owed from September 1, 2016.

Ashley argues that she is entitled to have Scott's child support obligation made retroactive to the date of judicial demand of October 8, 2015, based on the

8

holding of *Vaccari*. However, the supreme court in *Vaccari*, 50 So.3d at 143 (emphasis added), did not hold that a trial court was **required** to make an award of child support retroactive, only that "upon a showing of good cause, a trial court *may* order a final child support award retroactive to the date of judicial demand even though there has been an interim award in effect."

The trial court found that good cause was shown for not making Scott's child support obligation retroactive to the date of judicial demand of October 8, 2015, based on the consent judgment signed between the parties on March 20, 2017. The consent judgment, provided in pertinent part:

> IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the parties agree that any and all reimbursement claims existing between them from the date of filing this matter [(October 8, 2015)] through March 20, 2017 are hereby resolved as follows:
>
> > Any and all reimbursement owed to ASHLEY by SCOTT for any expenses related in any way to the minor children (i.e. $28,330.33) are considered to be fully resolved in the same manner as if they had been paid. As such, her claims for said reimbursement as well as Scott's appeal of the Hearing Officer Recommendation – as it relates to only that issue are dismissed. The parties understand that the appeal still remains as to child support, custody and visitation.
> >
> > Any and all claims that SCOTT has against ASHLEY that are related in any way to the former community home located at 1208 Wilderness Trail in Crowley, Texas are hereby dismissed as same are considered fully satisfied.
> >
> > There is no finding of contempt against ASHLEY related to the Rule filed on 12/15/16.

Further support for the trial court's April 3, 2019 amended judgment is found in La.R.S. 9:315.21(E), which states:

> In the event that the court finds good cause for not making the award retroactive to the date of judicial demand, the court may fix the date

9

on which the award shall commence, but in no case shall this date be a date prior to the date of judicial demand.

We find that the consent judgment, agreed to by both parties, served to terminate any obligation Scott owed Ashley prior to March 20, 2017, in exchange for the dismissal of Scott's claims against her for contempt and for his community property claims. Accordingly, the trial court's ruling on the retroactivity of Scott's child support obligation was supported by the record and jurisprudence and thus was not manifestly erroneous.

## DECREE

For the foregoing reasons, the April 3, 2019 amended judgment of the trial court is affirmed in its entirety. Costs of this proceeding are assessed to Appellant, Ashley Kay Winfrey.

**AFFIRMED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2-16.3