Judgment rendered April 5, 2022.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 54,203-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                                    Plaintiff-Appellant

versus

TIMOTHY SHANE ISTRE                                   Defendant-Appellee

* * * * *

Appealed from the
Fourth Judicial District Court for the
Parish of Ouachita, Louisiana
Trial Court No. 11-NS-027213

Honorable Benjamin Jones (*Pro Tempore*), Judge

* * * * *

ASHLEY L. SMITH                              Counsel for Appellant,
Assistant District Attorney                  the State of Louisiana

OFFICE OF FAMILY SERVICES                    Counsel for Appellant,
By: Sheri L. Stapleton                       the State of Louisiana
                                             DCFS, Child Support
                                             Enforcement

TIMOTHY SHANE ISTRE                          In Proper Person,
                                             Appellee

* * * * *

Before PITMAN, HUNTER,
and O'CALLAGHAN (*Pro Tempore*), JJ.

**PITMAN, J.**

Plaintiffs, the State of Louisiana, and the State of Louisiana DCFS, Child Support Enforcement ("CSE"), appeal the judgment of the trial court which modified a child support order and made it retroactive to a date prior to the date of judicial demand. For the following reasons, we amend the judgment and, as amended, affirm.

**FACTS**

Timothy Istre and Challis Adkins had a child, M.I., born April 21, 2006, in Concordia Parish. The couple never married. In April 2011, the CSE asked the state, through the district attorney for the Fourth Judicial District, to file a rule for child and medical support on behalf of Adkins. Because Istre could not be found to be served, the rule for child and medical support was refiled on March 4, 2013. On June 20, 2013, a trial judge in Ouachita Parish ordered Istre to pay $235 monthly to Adkins. The order was modified a week later to name Julie Lowery, the child's grandmother and the person with whom the child was living, as payee.

In March 2020, CSE asked the state to file a pleading of modification due to a change in the minor child's living arrangements. CSE had been notified that the child had begun living with Istre in Jennings, Louisiana, Jefferson Davis Parish, in January 2019. The referral to the state was accompanied by CSE Form 145 or Affidavit of Intact Household or Non-Custodial Parent Caregiver, which had been completed by Istre and notarized on February 26, 2020. The affidavit verified that the minor child had been living with him in his household since January 2019 and that he is the obligor listed in the case. Istre attached a copy of his current Louisiana

driver's license and a Jennings High School Student Demographics Information form showing the dates on which the child had been enrolled. The form also showed that both Istre and the child had the same physical address.

Pursuant to the request and the provision of proof, the state filed a request for modification on April 1, 2020, and the matter was set for hearing on June 16, 2020, in Ouachita Parish, which was the original parish in which the case began. The matter was heard before a hearing officer who determined that the minor child had physically resided with Istre since January 2018. The hearing officer cited equity as the reason it recommended that Istre's support order be modified to zero and that the modification be applied retroactively to the date of his physical custody of the minor child.

The state objected to the hearing officer's recommendation and requested a de novo hearing because the suggested modification was contrary to La. R.S. 9:315.21. The hearing was held on August 4, 2020, and a pro tempore judge heard the matter. After taking testimony and arguments from Istre and the state, the trial court determined that a "good cause" exception existed that would allow for the retroactive application of the modification to an earlier date than that of the judicial demand. At that hearing, Istre informed the court that he had previously misspoken concerning the date his daughter came to live with him, and the date of modification was changed to January 2019. The state continued to object to the date of modification of January 2019, rather than April 1, 2020.

The state filed a motion for a new trial and for determination of the application of the retroactivity date. The trial court handed down oral

2

reasons on October 6, 2020, denying the state's request for reversal on the issue of retroactivity, as well as the motion for new trial. A final judgment was signed April 26, 2021, and the state has filed this appeal of the trial court's ruling relative to the date of retroactivity of the judgment.

## DISCUSSION

The state argues that the trial court erred in declaring the order modifying child support retroactive to a date that was prior to the date of judicial demand in contravention of La. R.S. 9:315.21.

Istre, who was representing himself, did not file a brief in response to the state's appeal.

La. R.S. 9:315.21 concerns retroactivity of child support and states, in pertinent part, as follows:

> C. Except for good cause shown, a judgment modifying or revoking a final child support judgment shall be retroactive to the date of judicial demand, but in no case prior to the date of judicial demand.
>
> * * *
>
> E. In the event that the court finds good cause for not making the award retroactive to the date of judicial demand, the court may fix the date on which the award shall commence, **but in no case shall this date be a date prior to the date of judicial demand**. (Emphasis added.)

A child support judgment may be rendered retroactively. *Vaccari v. Vaccari*, 10-2016 (La. 12/10/10), 50 So. 3d 139, *citing Fink v. Bryant*, 01-0987 (La. 11/28/01), 801 So. 2d 346. Retroactivity in this context is not in the nature of a penalty, but merely a judicial recognition of preexisting entitlement. *Viccari*, *supra*.

In the event that the court finds good cause for not making the award retroactive to the date of judicial demand, it may fix the date on which the award shall commence. La. R.S. 9:315.21(E). *Curtis v. Curtis*, 34,317 (La.

3

App. 2 Cir. 11/1/00), 773 So. 2d 185. A trial judge is not required to assign reasons justifying a finding of good cause to make an award not retroactive to filing. *Id.* Moreover, as already noted herein, the trial court is vested with much discretion in fixing support, and its reasonable determinations will not be disturbed unless there is a clear abuse of discretion. *Id.*

When the wording of a section is clear and free of ambiguity, the letter of it shall not be disregarded under the pretext of pursuing its spirit. La. R.S. 1:4. La. C.C. art. 9 states:

> When a law is clear and unambiguous and the application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature.

Although La. R.S. 9:315.21(E) states a trial court may find good cause not to make an award retroactive to the date of judicial demand, it cannot, under any circumstances, make the award retroactive to a date prior to the date of judicial demand. The language of the statute is unambiguous and cannot be interpreted any other way. This assignment of error has merit.

*Assessment of Costs*

La. C.C.P. art. 1920 states that unless the judgment provides otherwise, costs shall be paid by the party cast in judgment. The code article also states that, except as otherwise provided by law, the court may render judgment for costs, or any part of them, against any party as it may consider equitable. La. R.S. 13:4521 concerns deferral of court costs against the state and its subdivisions and exceptions to the general rule. La. R.S. 13:4521(A)(3) states:

> (3)     This Section shall not apply to the Department of Children and Family Services for any proceedings brought by the Department of Children and Family Services or any district attorney, on behalf of the Department of Children and Family

4

Services, to establish filiation or enforce support, when such proceedings are subject to a cooperative agreement between the agency and the clerk of court of the appropriate jurisdiction. Any cooperative agreement entered into between the clerk of court and the agency shall include reimbursement for sheriff's costs.

When the state filed its motion to appeal the judgment of the trial court denying the motion for new trial and request for rehearing on the issue of retroactivity, the last paragraph of the motion requested that the appeal be granted "and any and all costs be cast against the mover." The trial court signed the order of appeal and that last sentence was included in the order.

On appeal, we do not cast any party in judgment, but only amend the ruling of the trial court and affirm it as amended. We believe it would be inequitable to assess Istre with any costs in this appeal. He did not raise any issues and did not oppose the state's appeal. Because this matter is one to "enforce support" under La. R.S. 13:4521(A)(3), the state will not be ordered to pay costs. For these reasons, we exercise our discretion under La. C.C.P. art. 1920 and decline to assess any costs against Istre.

**CONCLUSION**

For the foregoing reasons, the judgment of the trial court is amended to reflect that the child support order reducing Timothy Shane Istre's child support obligation to $0 is made retroactive to April 2020, the date of judicial demand, and, as amended, is affirmed.

**AMENDED AND, AS AMENDED, AFFIRMED.**