# STATE OF LOUISIANA

# COURT OF APPEAL

# FIRST CIRCUIT

## 2023 CU 0112

TROY BENTON SEARLES

VERSUS

AMY CASHIO SEARLES

Judgment Rendered: **AUG 3 1 2023**

\* \* \* \* \* \*

On Appeal from the Family Court
In and for the Parish of East Baton Rouge
State of Louisiana
Docket No. 161194
Honorable Erika L. Green, Judge Presiding

\* \* \* \* \* \*

| | |
|---|---|
| Clifton J. Ivey, Jr.<br>Baton Rouge, Louisiana | Counsel for Plaintiff/Appellee<br>Troy Benton Searles |
| Randall J. Cashio<br>Baton Rouge, Louisiana | Counsel for Defendant/Appellant<br>Amy Cashio Searles |

\* \* \* \* \* \*

BEFORE: McCLENDON, HOLDRIDGE, AND GREENE, JJ.

GREENE, J. concurs with reasons.

Holdridge, J. concurs

**McCLENDON, J.**

In this child custody and child support dispute, the mother appeals the trial court's judgment designating the father as domiciliary parent retroactive to the date of demand; modifying the existing support order; applying that modification retroactively; and calculating credits and arrearages based on the retroactivity of the custody award. For the reasons that follow, we reverse in part, amend in part, affirm in part, and remand.

## FACTS AND PROCEDURAL HISTORY

Amy Cashio Searles and Troy Benton Searles were married in 2004, and two children were born of the marriage. Troy filed a petition for divorce from Amy in 2007. The parties were divorced by a judgment signed on March 24, 2008. The parties were awarded joint shared custody of their two minor children, and Troy was ordered to pay child support to Amy.[1]

The prior custody and support orders were in effect on August 13, 2019, when Troy filed a rule to show cause seeking a modification of his child support obligation by including extraordinary medical expenses and other extraordinary expenses in the child support calculation. Troy also sought to be designated as the domiciliary parent. In response to Troy's rule, Amy filed an answer and a reconventional demand. Therein, Amy raised the peremptory exception raising the objection of no cause of action to Troy's request for modification of his child support obligations, asserting that Troy failed to allege facts constituting a material change in circumstances. After a hearing, the trial court sustained the exception and granted Troy ten days to amend his pleadings "to specifically assert a cause of action for a modification of child support."

Troy filed an amended and supplemental rule to show cause on January 29, 2021. Therein, Troy alleged that the parties began deviating from the prior custodial schedule in 2019, resulting in the children gradually spending less time in Amy's physical custody and more time with Troy. Accordingly, Troy requested the trial court to "modify the

---

[1] We note that the parties reference an April 22, 2008 judgment that established custody and child support, and that said judgment does not appear in the record. However, the judgment is not required for a complete review of the issues raised in this appeal.

2

current custody order based on this change as well as recalculate the support order given that the parties do not share the equal physical custody of their children."

The matter proceeded to trial on January 28, 2022, and continued over several dates in May and June of 2022. On June 24, 2022, the trial court issued its ruling in open court. The trial court modified custody from joint shared custody to joint custody with Troy designated as the domiciliary parent. The trial court made the change in custody retroactive to August 13, 2019, the filing date of Troy's original rule to show cause. The trial court also recalculated the basic child support obligation based on the retroactive change in custody and ordered Amy to pay Troy $146.90 per month retroactive to August 13, 2019. As a result, the trial court found there were arrearages in child support owed by Amy to Troy due to the retroactivity of the award of custody and support. The trial court found the arrearages to be $5,141.50. Additionally, the trial court ordered the parties to pay their respective share of $5,422.23 in extraordinary expenses accrued since August 13, 2019, with Amy's share being $271.11. Finally, the trial court found that Troy was entitled to a credit in the amount of $26,257.00 for 35 months of child support paid by him since August 13, 2019, due to the retroactivity of the custody modification and resulting retroactive support award.

The trial court signed a judgment reflecting this ruling on August 22, 2022. Amy appealed, assigning the following errors for review:

1. The trial court legally erred by making the custody modification retroactive;

2. The trial court legally erred by awarding basic child support when no judicial demand existed;

3. The trial court legally erred by making a child support modification retroactive based solely upon a custody modification;

4. The trial court abused its discretion in failing to consider a parent's ability to pay, unemployment status, and numerous delays or continuances when making a child support modification retroactive;

5. The trial court legally erred when it granted a child support credit against a non-existent child support obligation;

6. The trial court legally erred when it committed errors of calculation;

7. The trial court legally erred when it failed to use decretal language in its judgment; and

3

8. The trial court legally erred when its judgment failed to contain language that comports with La. R.S. 9:315.6.

## LAW AND DISCUSSION

The older child of the parties, B.S., was a minor at the time of the hearing and at the time the judgment was rendered in this matter, but has since attained the age of majority. See LSA-C.C. art. 29. It is well-settled that courts will not decide abstract, hypothetical, or moot controversies, or render advisory opinions with respect to controversies. **Guidry v. Guidry**, 2019-0534 (La.App. 1 Cir. 9/26/19), 2019 WL 7177093 *4 n.4, writ denied, 2020-00141 (La. 2/26/20), 347 So.3d 878. Therefore, any issues concerning B.S.'s legal and physical custody are now moot, and the custody issues in this appeal affect only the remaining minor child, K.S.[2]

### *Decretal Language and LSA-R.S. 9:315.6*

We first address Amy's argument that the trial court's 2022 judgment contains insufficient decretal language because, in the absence of proper decretal language, the appellate court lacks jurisdiction to review the merits. See **Hill International, Inc. v. JTS Realty Corp.**, 2021-0157 (La.App. 1 Cir. 12/30/21), 342 So.3d 322, 327.

Amy maintains the judgment is deficient because it does not include a value for "Karsyn's school uniforms" and fails to distinguish "school activities" from "extracurricular activities" in its award of extraordinary expenses. We disagree. A valid final judgment must be precise, definite, and certain. **Id.** at 326. The specific nature and amount of damages must be determinable from a judgment so that a third person is able to determine from a judgment the amount owed without reference to other documents. **Id.** Amy points out that the trial court failed to include a value for "Karsyn's school uniforms" when calculating the total amount of extraordinary expenses owed and asserts that this omission is fatal to the finality of the judgment. She argues that "[t]o calculate this expense would require reference to extrinsic documents in order to discern the court's ruling thereby invalidating this portion of the judgment." While we acknowledge Karsyn's

---

[2] The initials of the minor children, parents, and certain other adults will be used in this opinion to protect the privacy of the parties involved. See Uniform Rules - Courts of Appeal, Rules 5-1 and 5-2. **State In Interest of M.O.**, 2019-0130, 2019-0131 (La.App. 1 Cir. 7/30/19), 2019 WL 3422685, *1 n.1, writ denied, 2019-01406 (La. 9/17/19), 279 So.3d 377.

4

school uniforms were not assigned a value, this does not invalidate the total amount the trial court found to be owed in extraordinary expenses. The total amount the parties must pay is explicitly stated and therefore determinable from the judgment. In fact, the judgment specifically states that Amy's portion of those expenses totals $271.11.[3]

Amy also argues that the language of the judgment does not comport with LSA-R.S. 9:315.6, as it fails to distinguish "school activities" from "extracurricular activities." Amy frames this assignment of error as a decretal language issue affecting the finality of the judgment. She asserts the wording of the judgment is imprecise because "[i]t is impossible to discern if the trial court intended to draw a distinction between 'school activities' and 'extracurricular activities[.]'" However, we find this assignment of error does not relate to decretal language but rather to the proper application of LSA-R.S. 9:315.6. In this regard, LSA-R.S. 9:315.6 allows certain enumerated extraordinary expenses incurred on behalf of the child to be added to the basic child support obligation, including expenses of tuition, registration, books, and supply fees required for attending a special or private elementary or secondary school to meet the needs of the child. LSA-R.S. 9:315.6 also provides for special expenses incurred for child rearing intended to enhance the health, athletic, social, or cultural development of a child, including but not limited to camp, music or art lessons, travel, and "school sponsored extracurricular activities." LSA-R.S. 9:315.6(1) & (3).

It appears from the language of the judgment that the trial court was referring to extracurricular activities within the framework of school-related activities. However, to the extent the judgment did not specifically so state and based on the clear language of LSA-R.S. 9:315.6, we hereby amend said judgment to read, in pertinent part, as follows:

> **IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Court orders the following expenses be borne by the parties according to their proportionate shares of income (Amy Searles 5%, Troy Searles 95%): school related expenses including uniforms, school activities, tutoring, graduation, extraordinary medical expenses, and school sponsored extracurricular activities. All fees must be paid to the vendor or reimbursed within fourteen (14) days' notice. However, Troy Searles shall be one hundred percent (100%) liable for school tuition.

---

[3] To the extent Amy argues this amount is not supported by the evidence, we decline to make that determination. The amount of extraordinary medical expenses and other extraordinary expenses was not listed as an assignment of error, and the designated record does not include evidence or transcripts from the proceedings.

5

## Retroactivity of the Custody Award

Next, Amy asserts that the trial court's ruling applying its custody award retroactively to August 13, 2019, is legally incorrect. We agree. While a judgment modifying a final child support judgment shall be retroactive to the date of judicial demand, pursuant to LSA-R.S. 9:315.21(C), there is no corresponding statute allowing for an award of child *custody* to be made retroactive. Therefore, the earliest that the custody award could become effective was the date of the in-court ruling modifying same.

Further, we find there was no extra-judicial agreement. In order for an extra-judicial agreement to be effective, it shall be made in writing or recited in open court, in which case the recitation shall be susceptible of being transcribed from the record of the proceedings. LSA-C.C. art. 3072. Although the parties were in fact exercising physical custody consistent with the new custody order prior to the 2022 ruling, there is no evidence in the record of the parties complying with the formal requirements for an extra-judicial stipulation or agreement. Accordingly, we find the trial court legally erred in making the award of custody retroactive to the date of judicial demand. Instead, the trial court's designation of Troy as domiciliary parent can only be applied prospectively beginning on June 24, 2022, the date of the trial court's ruling in open court modifying custody.

## Modification of the Child Support Order

Amy's remaining assignments of error hinge on the propriety of the trial court's modification of the basic child support obligation. An award of child support may be modified if the circumstances of the child or of either parent materially change. LSA-C.C. art. 142; LSA-R.S. 9:311(A). What constitutes a change in circumstances warranting modification of child support is determined on a case-by-case basis and falls within the great discretion of the trial court. **Kott v. Kott**, 2020-0873 (La.App. 1 Cir. 4/16/21), 324 So.3d 165, 174. On appeal, a trial court's child support judgment will not be reversed except for abuse of discretion. **Id.**

Amy first contends that Troy did not seek modification of or an award of basic child support. Therefore, Amy maintains the trial court legally erred in modifying the basic child support award absent judicial demand. However, the pleadings demonstrate

6

otherwise. In his amended and supplemental rule to show cause, Troy specifically alleged that the parties began deviating from the prior custodial schedule in 2019 and requested that the trial court "modify the current custody order based on this change as well as recalculate the support order given that the parties do not share the equal physical custody of their children." Troy also prayed that the trial court order Amy to show cause why the current child support order should not be modified as pled for in the amended and supplemental rule to show cause.[4] Therefore, we find this assignment of error without merit.

Amy next argues the trial court erred by making the support award retroactive. The retroactivity of a child support award is governed by LSA-R.S. 9:315.21, which states, in pertinent part:

> C. Except for good cause shown, a judgment modifying or revoking a final child support judgment shall be retroactive to the date of judicial demand, but in no case prior to the date of judicial demand.
>
> * * *
>
> E. In the event that the court finds good cause for not making the award retroactive to the date of judicial demand, the court may fix the date on which the award shall commence, but in no case shall this date be a date prior to the date of judicial demand.

The Louisiana Supreme Court explained that retroactivity of child support "is not in the nature of a penalty, but merely a judicial recognition of a pre-existing entitlement." **Vaccari v. Vaccari**, 2010-2016 (La. 12/10/10), 50 So.3d 139, 142.

Troy did not make judicial demand for a modification of basic child support in his original rule as recognized by the trial court when it sustained Amy's peremptory exception raising the objection of no cause of action. Further, while Troy's amended and supplemental rule, which was filed on January 29, 2021, did include a judicial demand for "recalculat[ion]" of the support order, that demand was based solely on his simultaneous request for a change in custody. It was that change in the custody arrangement and the designation of Troy as the domiciliary parent that warranted a

---

[4] We question whether the amended and supplemental rule to show cause filed on January 29, 2021, was actually an amended pleading that would relate back to the date of the original filing of the rule to show cause filed on August 13, 2019. See LSA-C.C.P. art. 1153. We also question whether the pleading was an amended and supplemental pleading that raises issues that were not exigible at the time of filing of the original pleading. See LSA-C.C.P. art. 1155. There is no relating back in a supplemental pleading since the cause of action was not in existence at the time of the original pleading.

modification of child support, and this change did not occur until the trial court's ruling in open court on June 24, 2022. In other words, Troy did not have a "pre-existing entitlement" to support prior to the modification in custody. Therefore, we find the trial court's award of basic child support payments to Troy from Amy in the amount of $146.90 per month applies prospectively only from the June 24, 2022 award of custody.[5]

In light of this decision, we also reverse the trial court's award of arrearages to Troy. Since the trial court's award of custody does not apply retroactively, Amy's child support obligation did not begin until the date of the change in custody by the trial court. Accordingly, Amy did not owe any arrearages for past due support prior to the change in custody.[6] Likewise, the trial court's award of a child support credit in favor of Troy is reversed, as this credit was based on the legally erroneous retroactive modification of custody.

## CONCLUSION

For the foregoing reasons, we reverse that part of the August 22, 2022 judgment that made the modification of custody retroactive to August 13, 2019. We also reverse that part of the judgment that made the child support award in favor of Troy Benton Searles retroactive to August 13, 2019, as the support award was based on the erroneous retroactive modification of custody. Accordingly, we vacate the trial court's awards of arrearages and a child support credit in favor of Troy Benton Searles. We remand this matter to the trial court for recalculation of child support retroactive to June 24, 2022, the date of the trial court's ruling in open court modifying custody. We also amend the trial court's August 22, 2022 judgment to read, in pertinent part, as follows:

> **IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Court orders the following expenses be borne by the parties according to their proportionate shares of income (Amy Searles 5%, Troy Searles 95%): school related expenses including uniforms, school activities, tutoring, graduation, extraordinary medical expenses, and school sponsored extracurricular activities. All fees must be paid to the vendor or reimbursed within fourteen (14) days' notice. However, Troy Searles shall be one hundred percent (100%) liable for school tuition.

---

[5] As to the trial court's retroactive award of extraordinary medical expenses and other extraordinary expenses per LSA-R.S. 9:315.5 and 9:315.6, while not explicitly assigned as error, we nevertheless note that these expenses were not calculated into the trial court's award of the basic child support obligation.

[6] Similarly, Amy's assignment of error related to errors of calculation in arrearages is rendered moot.

In all other aspects, the judgment of the trial court is affirmed. All costs of this appeal are assessed against Plaintiff-Appellee, Troy Benton Searles.

**JUDGMENT REVERSED IN PART; AMENDED IN PART; AFFIRMED IN PART; AND REMANDED.**

# STATE OF LOUISIANA
# COURT OF APPEAL
# FIRST CIRCUIT

## 2023 CU 0112

### TROY BENTON SEARLES

### VERSUS

### AMY CASHIO SEARLES

**GREENE, J., concurring.**

I respectfully concur. Louisiana Revised Statutes 9:315.6 provides:

By agreement of the parties or order of the court, the following expenses incurred on behalf of the child may be added to the basic child support obligation:

(1) Expenses of tuition, registration, books, and supply fees required for attending a special or private elementary or secondary school to meet the needs of the child.

(2) Any expenses for transportation of the child from one party to the other.

(3) Special expenses incurred for child rearing intended to enhance the health, athletic, social, or cultural development of a child, including but not limited to camp, music or art lessons, travel, and school sponsored extracurricular activities.

Louisiana Revised Statutes 9:315.6 does not specifically provide for the award of uniforms, tutoring, and graduation expenses, although there may be case law that provides otherwise.