STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NUMBER 2024 CA 0233

STATE OF LOUISIANA, DEPARTMENT OF CHILDREN AND FAMILY
SERVICES, CHILD SUPPORT ENFORCEMENT, IN THE INTEREST OF
MISHELLE A. REED, MINOR CHILD OF ELENA REED

VERSUS

LESTER B. RALPH

**Judgment Rendered:** NOV 2 2 2024

* * * * * *

On appeal from the
Twenty-Second Judicial District Court
In and for the Parish of St. Tammany
State of Louisiana
Docket Number NS12-0022

Honorable Patrice W. Oppenheim, Judge Presiding

* * * * * *

Michael Conroy
Covington, LA

Andrew T. Lilly
New Orleans, LA

Kathy C. Alford
Amite, LA

Suzette Marie Smith
Mitchell J. Hoffman
New Orleans, LA

Elizabeth K. Fox
Springfield, LA

Counsel for Plaintiff/Appellee
Elena Reed

Counsel for Plaintiff/Appellee
State of Louisiana, Department of
Children and Family Services, Child
Support Enforcement

Counsel for Defendant/Appellant
Lester Bart Ralph

* * * * * *

BEFORE: GUIDRY, C.J., PENZATO, AND STROMBERG, JJ.

**GUIDRY, C.J.**

Lester B. Ralph appeals a judgment awarding retroactive application of final child support. For the reasons that follow, we amend the judgment, and as amended, affirm.

## FACTS AND PROCEDURAL HISTORY

In the interest of the minor child of Elena Reed, the State of Louisiana through the Department of Children and Family Services, Child Support Enforcement (CSE), filed a petition on January 12, 2012, to establish paternity and child support, against the defendant herein, Lester B. Ralph. CSE averred that Mr. Ralph, the biological father of the minor child, failed or refused to provide child support. CSE thus sought a judgment decreeing Mr. Ralph to be the father of the child and ordering him to pay support in accordance with La. R.S. 9:315, *et seq.*

On April 17, 2013, the parties entered into a stipulation whereupon Mr. Ralph was ordered by a hearing officer to pay child support in the amount of $500.00 per month. At the same time, the hearing officer set a deadline, June 10, 2013, for the completion and exchange of discovery in this matter.[1] Approximately three years later, with discovery ongoing, R. Scott Buhrer was appointed by consent judgment to serve as special master.[2] Mr. Buhrer issued multiple reports and recommendations over the course of this litigation. On or about December 14, 2022, Mr. Buhrer recommended that the child support obligation for Mr. Ralph be retroactive to January 2012.[3] The trial court adopted the recommendation, signing a judgment on November 7, 2023. Mr. Ralph now appeals, arguing the trial court erred in adopting

---

[1] The recommendations of the hearing officer became the judgment of the court on May 6, 2013.

[2] On August 19, 2016, Mr. Buhrer was appointed to serve as special master pursuant to La. R.S. 13:4165.

[3] The parties presented their cases to the special master over the course of three days in December 2021 and January 2022. Mr. Ralph objected to the special master's recommendation regarding retroactive application. The parties, however, stipulated and waived the contradictory hearing.

the special master's recommendation "where [the trial court] had already determined that the [s]pecial [m]aster lacked authority to address retroactivity and where there was no showing of good cause for retroactivity."

## DISCUSSION

We begin by noting that La. R.S. 13:4165 provides for the appointment of special masters, authorizing a court, with the consent of the parties, to appoint a special master who may make findings of fact and conclusions of law upon the submitted matters. See La. R.S. 13:4165(A) and(C).[4] Of paramount significance to the statute is the guarantee of notice and an opportunity to be heard on the issues referred to the special master. See Veazey v. Johnson, 21-0639, p. 10 (La. App. 4th Cir. 2/15/23), 358 So. 3d 186, 192. The plain language of the statute grants a special master the power to regulate all proceedings before him and to do all acts and take all measures necessary or proper for the efficient performance of his duties. La. R.S. 13:4165(B).

The parties agreed that Mr. Buhrer would serve as special master to address discovery issues, determine the parties' respective incomes in accordance with the law of child support, and calculate and recommend the parties' child support

---

[4] The statute in effect at the time of Mr. Buhrer's appointment provided in part as follows:

> A. Pursuant to the inherent judicial power of the court and upon its own motion and with the consent of all parties litigant, the court may enter an order appointing a special master in any civil action wherein complicated legal or factual issues are presented or wherein exceptional circumstances of the case warrant such appointment. The consent of the parties litigant may be contingent upon any of the following:
> ...
> (3) The court's anticipated specifications of the powers of the special master as defined by Subsection B of this Section.
> B. The order appointing a special master may specify or limit the master's powers. Subject to such specifications or limitations, the master has and shall exercise the power to regulate all proceedings before him and to do all acts and take all measures necessary or proper for the efficient performance of his duties.
> C. (1) The court may order the master to prepare a report upon the matters submitted to him and, if in the course of his duties he is required to make findings of facts or conclusions of law, the order may further require that the master include in his report information with respect to such findings or conclusions.
> (2) The report shall be filed with the clerk of court and notice of such filing shall be served upon all parties.

obligations. Thereafter, the parties clearly addressed the issue of retroactivity before the special master and trial court. The special master opined on retroactivity in reports to the court to which the parties objected. The parties themselves submitted memoranda to the trial court on the issue of setting the child support retroactively. And when before the trial court, on August 16, 2021, the parties argued over whether an interim order for child support was set at the hearing in April 2013, such that the final child support award could be made retroactive to the date of judicial demand.

Mr. Ralph claims the special master made a recommendation outside of the scope of his authority. However, we note that nothing in the special master statute, or in the language of the parties' consent judgment, or in any judgment of the trial court, for that matter, prohibited the special master from opining on the issue of retroactivity. To the contrary, in a judgment signed on November 8, 2021, the trial court ordered the special master to issue a report "giving his recommendation of the income of the parties and the proposed child support obligation." Given that retroactivity is intrinsic to the concept of child support, see Fink v. Bryant, 01-0987, p. 5 (La. 11/28/01), 801 So. 2d 346, 349, we find no impropriety with the special master's inclusion of the recommendation on retroactivity, nor do we find that the recommendation vitiates the report.

The appointment of a special master, and thus a special master's report, is meant to assist the trial court in performing its duties, not as a means to substitute the special master's opinion for that of the trial court. See La. R.S. 13:4165. The trial court herein made its determination.[5] Had the trial court not agreed with the special master's recommendation, it would have simply declined to adopt that portion of the report.

---

[5] At the August 16, 2021 hearing, the trial court explained that it was the court's duty, and not the special master's, to make a determination regarding retroactivity. The trial court stated, "[The authority] lies with [the trial court], to determine whether or not there [will] be retroactive application for the child support back to the date of judicial demand."

4

With regard to the retroactive application of the judgment before us, La. R.S. 9:315.21 provides in relevant part:

A. Except for good cause shown, a judgment awarding, modifying, or revoking an interim child support allowance shall be retroactive to the date of judicial demand, but in no case prior to the date of judicial demand.

B. (1) A judgment that initially awards or denies final child support is effective as of the date the judgment is signed and terminates an interim child support allowance as of that date.

(2) If an interim child support allowance award is not in effect on the date of the judgment awarding final child support, the judgment shall be retroactive to the date of judicial demand, except for good cause shown, but in no case prior to the date of judicial demand.

Under the statute, if no interim order is in effect on the date of the judgment awarding final child support, the judgment shall be retroactive to the date of judicial demand, except for good cause shown. La. R.S. 9:315.21(B)(2); Vaccari v. Vaccari, 10-2016, p. 5 (La. 12/10/10), 50 So. 3d 139, 143. If, however, an interim order is in effect, the statute neither expressly permits, nor forbids, a court from making a final award retroactive. See La. R.S. 9:315.21(B)(1); Vaccari, 10-2016 at p. 6, 50 So. 3d at 143. Upon a showing of good cause, the trial court may order a final child support award retroactive to the date of judicial demand even when an interim award is in effect. Vaccari, 10-2016 at p. 6, 50 So. 3d at 143; Miles v. Hunter, 14-0669, p. 7 (La. App. 1st Cir. 11/20/14), 168 So. 3d 430, 435.

In addition, as set forth in La. R.S. 9:315.1(A), a trial court must consider the Louisiana child support guidelines in *any* proceeding to establish or modify child support. See Stogner v. Stogner, 98-3044, p. 8 (La. 7/7/99), 739 So. 2d 762, 767 (emphasis in original). The trial court must adhere to the guidelines in setting an interim child support award by reviewing the parties' financial documents as required by La. R.S. 9:315.2(A). Discua v. Discua, 21-0210, p. 19 (La. App. 4th Cir. 11/10/21), 331 So. 3d 992, 1004. The trial court must also adhere to the guidelines in reviewing and evaluating a stipulated or consent judgment. La. R.S. 9:315.1(D); Stogner, 98-3044 at p. 10, 739 So. 2d at 768. In certain instances, a trial

5

court may deviate from the guidelines. See La. R.S. 9:315.1(B). Louisiana Revised Statutes 9:315.1(C)(6)[6] provides that the need for *immediate and temporary* child support is a factor that the trial court may consider in determining whether to deviate from the guidelines but only if a full hearing on the issue of support is pending and cannot be timely held.[7] (Emphasis added.)

With no direct evidence in the record establishing the basis of the monthly $500.00 award made effective in April 2013,[8] we find the trial court's conclusion—to order the final child support award retroactive to the date of judicial demand—to be a reasonable one. Indeed, we cannot determine whether financial records from the parties were reviewed prior to setting the 2013 award as required by La. R.S. 9:315.2(A). And there is no evidence that the adequacy of the amount established in the stipulation was reviewed in light of the child support guidelines as explained in Stogner, *supra*.

The April 2013 court form orders "temporary/child support" and states that the parties stipulated to "temp/interim support." The court minutes from that proceeding state, "Temporary Support [was] established in accordance with the Louisiana Child Support Guidelines with a stipulation by the parties" and further read:

> [H]earing Officer moved that the defendant pay *temporary* child support ...

---

[6] Effective January 1, 2024, this provision is now set forth in La. R.S. 9:315.1(C)(7).

[7] Pursuant to La. R.S. 9:315.1(B), as read in 2013, if a trial court deviates from the guidelines, the trial court must "give specific oral or written reasons for the deviation, including a finding as to the amount of support that would have been required under a mechanical application of the guidelines and the particular facts and circumstances that warranted a deviation from the guidelines."

[8] The trial judge herein was not then presiding at the time of the 2013 proceeding. CSE argued that the parties at the time entered into a temporary stipulation in the context of La. R.S. 9:315.1(C)(6) to "get some money going to the child."

We also note that, generally, an award of child support is entitled to great weight and will not be disturbed on appeal absent an abuse of discretion. Lambert v. Lambert, 06-2399, p. 4 (La. App. 1st Cir. 3/23/07), 960 So. 2d 921, 924.

> Hearing Officer moved that all discovery be completed and exchanged by June 10, 2013 and any motions regarding discovery shall be heard June 26, 2013. ... A *Trial is set* for August 16, 2013.

(Emphasis added.)

We find no abuse of discretion in the trial court awarding the final child support retroactively, when, as argued by CSE, the trial setting the final child support award in this matter was to be held a mere four months after the "temporary" order was signed, but ultimately this matter did not conclude until approximately ten years later.[9] The final judgment ordered Mr. Ralph to pay $510.00 per month for the year 2012. Yet, for the year 2013, Mr. Ralph was ordered to pay $1,854.00 per month, and ordered to pay $1,265.00 per month for year 2014; $1,170.00 per month for year 2015; $1,096.00 per month for year 2016; and $728.00 per month for year 2017.[10] As stated in <u>Viccari</u>, retroactivity in this context is not in the nature of a penalty, but merely a judicial recognition of pre-existing entitlement. <u>Vaccari</u>, 10-2016 at p. 4, 50 So. 3d at 142. Mr. Ralph, prior to the judgment in this matter, had an already-existing obligation to support his child in accordance with his true income. The assignment of error lacks merit.

## CONCLUSION

For the above and foregoing reasons, the November 7, 2023 judgment is amended to reflect that Lester Ralph shall owe child support retroactive to January 12, 2012, the date of judicial demand. As amended, the judgment is affirmed. All costs of this appeal are assessed to the appellant, Lester B. Ralph.

---

[9] Louisiana law abhors a gap in the support of one in need. <u>Fink</u>, 01-0987 at p. 5, 801 So. 2d at 349.

Additionally, we note that even if an interim order was in effect on the date of the judgment, the trial court could have found a showing of good cause to order the final child support retroactive to the date of judicial demand. While Mr. Ralph may not have misrepresented his finances in these proceedings, the trial court could have nonetheless found that the difference in the final and 2013 awards, coupled with the lengthy delay herein, resulted in a gap in the minor child's support.

[10] The parties agreed that the special master's recommendation would encompass the time period from 2012-2017.

**JUDGMENT AMENDED, AND AS AMENDED, AFFIRMED.**